JUNE.

BENSON vs. DAVIS's Adm'r.

If a plaintiff is laid under a peremptory rule to file his declaration by a particular day, and he fails to comply, the court may order a *non pros.* to be entered against him. But if the declaration is received, and a rule laid on the defendant to plead to it, it is then too late for the defendant to complain.

APPEAL from *Montgomery* county court. This was an action on the case, brought to March term 1820. At that term the defendant, (the appellee's intestate,) appeared, and a rule was laid on the plaintiff, (now appellant,) to file his declaration, and he had until the first Monday of the next term to do so. At the next term, (November 1820,) the plaintiff had further leave to declare until the first Monday of March term 1821. At that term the plaintiff did declare, and a rule was laid on the defendant to plead by the first Monday of the November term 1821. At that term the record states, that it appeared to the court that the declaration of the plaintiff was not filed on or before the first Monday of March 1821, but on the 18th of May of the same year; and because the declaration was not filed on or before the first Monday of March 1821, the court entered a judgment of *non pros.* From that judgment the plaintiff appealed to this court. The appellee having died during the pendency of the appeal, his administrator was made a party.

The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN, and STEPHEN, J.

*B. Forrest*, for the Appellant, referred to *Briscoe vs. Ward*, 1 *Harr. & Johns.* 165.

*Magruder*, for the Appellees.

The opinion of the court was delivered by

MARTIN, J. If there are any rules of practice in *Montgomery* county court, that justify the procedure in this case, they ought to have appeared in the record.

In their absence, we cannot conceive upon what principle the judgment of *non pros.* was entered.

In this case it appears the plaintiff was ruled to file his declaration by the first Monday in March 1821. On this day the March term commenced, and must have been continued or adjourned to the following May, for we find the declaration was filed on the 18th of May, and a rule laid on the defendant to plead, *as of March term*. The case was continued *under the rule to plead* to November term, when the court ordered a judgment of *non pros.* to be entered against the plaintiff, because he had not filed his declaration by the first Monday in March. In this we think they erred.

If a plaintiff is laid under a peremptory rule to file his declaration by a particular day, and he fails to comply with that rule, the court may, upon the prayer of the defendant, order a *non pros.* to be entered against him. But if the declaration is received, and a rule laid on the defendant to plead to it, it is certainly *then* too late to complain. The defendant has waived his right to take advantage of the *laches* of the plaintiff, and the court has assented to it.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.