( Decided April 19th, 1859.)

---

# ADAM SHOOP and SAMUEL LEFEVER *vs.* UPTON POWLES.

Under the mechanics' lien laws of 1842, ch. 183, and 1846, ch. 290, applicable to Washington county, it is not necessary for the material-man, in order to secure his lien on the building, to give *notice* of his claim to the owner, because these acts do not, either in *express terms,* like those applicable to the city of Baltimore, or by fair legal construction, require such notice as essential to the validity of the lien.

The 4th section of the act of 1846, ch. 290, only enables the owner, in any case in which he may have notice, to retain from the claim of the contractor the amount due the material-man, and in case liens are laid by both for their respective claims, to deduct from the former what may be due the latter.

Shoop & Lefevor *vs.* Powles.

Where there is a demurrer in the *old form*, without particularly express-
ing "the cause of the same," nor containing "any specific statement of
some point of law showing in what respect the pleading is insufficient in
substance," as required by the act of 1856, ch. 112, sec. 37, joining
*issue* thereon is a *waiver* of any objection which might be made to it
under this act.

APPEAL from the Circuit Court for Washington county.

This was a proceeding under the lien laws, in favor of me-
chanics and others, applicable to Washington county, being
the acts of 1842, ch. 183, and 1846, ch. 290.

The appellants furnished lumber to the appellee, the builder
and contractor, for a certain house built by him for Christian
Winters, the owner, and on the 22nd of April 1856, filed their
claim for a lien in accordance with the above laws. This
claim consists of an account for lumber, verified by affidavit,
and amounting to $151.75.

On this lien a *scire facias* was issued on the 13th of Novem-
ber 1856, and upon the return of this writ, Winters, the owner,
appeared and pleaded, as a defence thereto, that there was a
special contract between himself and Powles, the contractor
and builder, by which he, Winters, was to pay Powles a spe-
cific sum of money for the erection of the building, upon the
completion thereof, and that upon the completion of the said
building by Powles, he, Winters, according to said contract,
and without any notice or knowledge of the existence of the
plaintiffs' claim, and before the filing thereof, paid Powles the
full amount of the balance of the money that was then due
and owing to him on said contract, so that he owed him
nothing, on account of the said building, at the time the plain-
tiffs' claim was filed, and that the plaintiffs did not give him,
Winters, notice of the amount of their said claim for materials
furnished before, and not until long after, he had paid Powles
in full.

To this plea the plaintiffs filed a *general demurrer*, on which
Winters joined issue. The court, (PERRY, J.,) holding the
plea to be sufficient, overruled the demurrer and gave judg-
ment in favor of Winters for costs, from which the plaintiffs
appealed.

The cause was argued before LE GRAND, C. J., ECCLE-STON and BARTOL, J.

*D. Weisel* for the appellants.

The only question presented by the demurrer in this case is, whether the 4th sec. of the act of 1846, ch. 290, requires a person furnishing materials to a contractor, in order to secure his lien on the building, to give notice of his claim to the owner before payment by the latter. It is insisted, on the part of the appellants, that no such notice is necessary, but that the claim is operative without it, if the other requirements of the lien laws have been complied with. The only object and purpose of that section is, to enable the owner, in any case in which he may have notice, to retain from the claim of the contractor or cost of the building, the amount due to the material-man, and in case liens are laid both by the material-man and the contractor, to deduct from that of the latter what he may owe to the former. It does not, in terms or in spirit, require such notice to be given *as essential to the validity of the lien* of the material-man upon the building. That this is the true construction of this section seems to be apparent from secs. 1, 10 and 14 of the original act of 1842, ch. 183, and the 3rd section of that of 1846, as well as from the peculiar phraseology of the 4th section itself. It is still more apparent by a contrast of these laws with the mechanics' lien laws for Baltimore city, *(Acts of* 1838, *ch.* 205, *sec.* 9; 1845, *ch.* 176, *sec.* 1, and 1845, *ch.* 287, *sec.* 8,) which provide for and require, *in express terms*, a notice from the material-man to the owner, as a *condition precedent* to his lien. There is no such provision in the laws in question, and the Legislature must have omitted it from *design*, and by so doing they have said, in effect, that the lien shall exist without the notice.

These laws are to be construed as remedial in their nature, and so as to protect those whom they were designed to benefit. This court has so held, in *general language*, though in cases arising under the Baltimore laws. 10 *Md. Rep.*, 268, *Hess, Reid, et al., vs. Poultney.* 3 *Md. Rep.*, 176, *Okisko Co. vs. Matthews.*

*R. H. Alvey* for the owner.

It is the 4th sec. of the act of 1846, ch. 290, upon which the owner particularly relies to sustain his plea. That section provides, "that in *all cases* in which a contractor or builder of a building shall have purchased materials or contracted for work, and the party from whom such purchase has been made, or with whom such contract for work has been made, shall have *given notice to the owner* of the building, of the amount due him, and whether for work done or materials furnished, it shall and may be lawful for such owner *to retain* from the cost of such building, the amount which he may ascertain to be due to the party *giving such notice*," &c. This seems to be a literal copy of the 8th section of the act of 1845, ch. 287, relating to the city of Baltimore. The lien laws for Washington county contain no such provision as those for Baltimore, requiring them to be construed liberally and as remedial. They are to be treated as acts in derogation of the principles of the common law, and, therefore, to be strictly construed in favor of those whose rights they affect. If there be a doubt as to their proper construction, the benefit of that doubt must be given to the party who is sought to be charged contrary to the principles of the common law, "for it is not to be presumed that the Legislature intended to make any innovation upon the common law further than the case *absolutely required*. The law rather infers that the act did *not* intend to make any alteration other than what is *specified,* and besides, *what has been plainly pronounced.*" 12 *Md. Rep.*, 464, *Hooper vs. Mayor & C. C. of Balto. Dwarris on Statutes*, 695.

The facts stated in the plea are admitted by the demurrer. The money for the erection and completion of the building was paid to the contractor before notice was given the owner of the existence of the plaintiffs' claim, and before it was filed in the clerk's office. The law does not presume that the owner has knowledge of the state of the accounts between the material-man and the contractor, nor can it be presumed that the owner knew of the existence of any claim for materials. He is not required to ascertain by inquiry the material-men who have dealt with the contractor, nor to give them notice of

the completion of the work, or termination of the contract, in order to protect himself against the contracts of the builder. The liability of the owner is created, not by his own act, but by law, and must, therefore, rest solely upon the terms of the law, one of which is, that the party having the claim against the contractor, either for materials or work, shall give notice to the owner of the amount due, in order that the owner may indemnify himself by retaining a sufficient amount of money due the contractor. 4 *Md. Rep.*, 296, *Greenway vs. Turner.*

If the law does not presume notice, on the part of the owner, of the existence of claims for materials furnished the contractor, by what authority or right could such owner retain money in his hands, due the contractor, to meet the possible demands of material-men? In the case of *Thomas vs. Barber*, 10 *Md. Rep.*, 380, this court, in construing the 8th sec. of the act of 1845, ch. 287, (and of which the 4th sec. of the act of 1846, ch. 290, is a literal copy,) have said: "That section gives the owner, who receives notice of a lien claimed for materials, the right to retain, out of the cost of the building, as between himself and the contractor, the amount which he may ascertain to be due to the party giving such notice." This provision is an equitable one and designed for the protection of the owner. Requiring such a notice to be given, as will render the law practically useful to him, imposes no hardship upon a material-man or mechanic, whilst it only secures to an owner what the Legislature evidently intended for his benefit. The case just quoted, it is submitted, is conclusive of this.

BARTOL., J., delivered the opinion of this court,

The question presented by this appeal is, whether, by the lien laws for Washington county, a person furnishing materials to a contractor, for a building, is required, in order to secure his lien thereon, to give notice of his claim to the owner of the building before payment by the latter to the contractor. This question depends upon the construction of the acts of 1842, ch. 183, and 1846, ch. 290. By these acts every building erected in Washington county is made subject to a lien for materials furnished for its construction; and the proviso to the

Shoop & Lefever *vs.* Powles.

1st section of the act of 1842 having been repealed by the 1st section of the act of 1846, the lien may be enforced, whether the materials be furnished to a contractor or to the owner. In this case it is conceded, that all the requirements of the acts have been complied with, except the preliminary notice to Winters, the owner, by the appellants, of their intention to claim a lien. Such a notice, it is contended by the appellee, is made necessary by the 4th section of the act of 1846. We are of opinion that this section cannot properly receive such a construction; adopting the language used by the appellants in their brief, we think the only purpose and effect of that section is "to enable the owner of a building, in any case in which he may have the notice, to retain from the claim of the contractor the amount due the material-man, and in case liens be laid, both by the contractor and the material-man, upon the building, for their respective claims, to deduct from that of the former what may be due to the latter." But neither that section, nor any other provision of the acts, requires, in terms, or by fair legal construction, that such notice should be given as essential to the validity of the lien of a material-man upon the building.

The hardship and loss, which it is contended such a construction of the law inflicts upon the owner, may be obviated, as it might have been avoided by the appellee in this case, by so framing his contract as to allow him to retain in his hands, during the period limited by the act for filing liens, a sufficient amount to meet all possible liens thereon; or by requiring indemnity against such claims before paying the money on his contract. What was said on this part of the case by the appellee's counsel, in the argument, might more properly be addressed to the Legislature. In such a case as this, it would be well, we think, for the law to require some notice to the owner; such has been the usual course of legislation in Maryland, as well as in other States where lien laws have been passed. By the act of 1838, ch. 205, and its supplements, regulating mechanics' liens in the city of Baltimore, previous notice to the owner is, in express terms, required, in order to make the lien operative in a case like this. But in the acts of

1842 and 1846, no such provision is to be found. The deci-
sion of this court in *Thomas vs. Barber*, 10 *Md. Rep.*, 380,
so much relied on by the appellee, was made with reference
to the provisions of the act of 1838 and its supplements, and
has no application to this case. We dissent from the ruling
of the circuit court upon the demurrer and reverse the judg-
ment.

In deciding this case, we have not failed to notice the pro-
visions of the act of 1856, ch. 112, secs. 36, 37, regulating
the form of demurrers. Here the demurrer is in the old form;
it does not "particularly express the causes of the same," nor
contain any "specific statement of some point of law, showing
in what respect the pleading is insufficient in substance," as
required by the act. But no objection was made by the de-
fendant, in the court below, to the form of the demurrer; the
record shows that it was overruled, not because of any want
of compliance, in form, with the act of 1856, but because the
circuit court held the plea to be sufficient. Moreover, the de-
fendant joined issue upon the demurrer, and we consider that
he has thereby waived any objection which might have been
made thereto, under the 36th and 37th sections of the act of
1856.

*Judgment reversed and procedendo ordered.*

