KIRCHNER, to own use and use of WESTERN ASSURANCE COMPANY *v.* ALLIED CONTRACTORS, INC.

[No. 148, October Term, 1956.]

32

*Decided April 9, 1957.*

Submitted on briefs to BRUNE, C. J., COLLINS, HENDER-
SON, HAMMOND and PRESCOTT, JJ.

*W. Edgar Porter,* and *Porter, Cullen & Truitt,* on the brief
for appellant.

*E. Dale Adkins, Jr.* and *Adkins & Potts,* on the brief for
appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment entered upon a motion
for directed verdict in favor of the appellee, in an action
against the appellee and others for damage to Kirchner's
truck sustained in a collision on September 19, 1952. The
original declaration contained four counts. The first was
against one William Byrd Nock, whose automobile collided
with the Kirchner truck. The court directed a verdict for
Nock on the ground that there was no evidence of negligence
as to him, and there was no appeal from that action. The
second count was against Atlas GMC Sales & Service, Inc.,
who had the Kirchner truck for sale and permitted Allied to
use it. Atlas pleaded both in tort and contract and a judg-
ment was obtained against Atlas, from which no appeal was
taken. The third count was against Allied and Hicks, its
employee, alleging that Allied had agreed to insure the
truck as a condition of its use, and that it was damaged by
the negligence of Hicks. The fourth count set up the subro-
gation rights of Western Assurance Company against all of
the defendants.

Hicks filed a general issue plea to the third count, that he
did not commit the wrong alleged, and when the case came to
trial a judgment was obtained against him, from which no

appeal was taken. Allied, however, demurred to the count, in its name only, and the demurrer was sustained as to it, with leave to amend. An amended third count was filed against Allied and Hicks alleging that Kirchner, through his duly authorized representatives, permitted Allied to use the truck on condition that it would be at the risk of Allied, that Allied did use it, and while in such use and while being operated negligently by Hicks, the employee of Allied acting in the course of his employment, it was damaged; that "demand has been made upon said defendants for payment of said damage, but payment has been refused." In response to demand, particulars were furnished alleging that Kirchner, through his agent, Atlas, advised Mr. Hennessey, of Allied, on September 16, 1952, of an agreement between Kirchner and Atlas, whereby Allied was to assume the risk of and arrange to insure the truck against damage by collision. Allied then filed pleas that it did not promise as alleged, and never was indebted as alleged. It does not appear that Hicks pleaded to this count. During the course of the trial Allied objected to the introduction of evidence relative to the actual happening of the accident, on the ground that it was being sued in contract and not in tort, but the objection was overruled. It may be noted in this connection that all of the actions were tried together.

Kirchner testified that he delivered his truck to Atlas to sell for him on commission. He also turned over the title, unsigned. Some time later he was informed by Atlas that Allied was a prospective purchaser and wanted to try out the truck. Kirchner testified he told Mr. Hurwitz, of Atlas, "Anybody that takes that truck off of your lot positively must protect me completely in every way, shape and form by insurance." He had insurance on it, placed while he was using it, with Western Assurance Company, who paid part of the loss under a deductible collision policy. He had no contact with Allied until after the accident. Mr. Hennessey, of Allied, then told him "he called in a binder", but that "you better get yourself a lawyer." Hennessey testified he was instructed by Mr. O'Hara, the salesman for Atlas, to procure public liability and property damage insurance; nothing was

said about collision insurance and none was obtained. The binder was issued in Allied's name only. He never knew Kirchner; so far as he was concerned the truck belonged to Atlas. Mr. Pecora, of Allied, testified that O'Hara told him that the truck belonged to Atlas, and gave him permission to try it out. He told Hennessey to place any insurance on the truck that O'Hara wanted. He never agreed to assume the risk on the truck. It was being used in Allied's business, on a trial run, at the time of the accident. Mr. Hurwitz died before the trial, and O'Hara did not testify. The appellant tried to offer in evidence a report signed by Hurwitz to Allied's insurance company, but this was excluded on objection. Apparently this sought to place the blame for the failure to obtain collision insurance on Hennessey.

The appellant does not contend that any express contract on the part of Allied was shown. On the record, there is nothing to contradict the testimony of Hennessey and Pecora that they were never told that collision insurance was required, or that they must assume the risk of damage to the truck from collision. Yet the amended third count, as amplified by the particulars furnished, bases the action against Allied upon a claim *ex contractu*. If established by proof, such a claim would support a recovery independent of negligence. The appellee contends that by joining issue on its pleas, that it did not promise as alleged, and never was indebted as alleged, the appellant was limited to recovery on the contract theory, and made an election to stand on that theory when it failed to amend or to dismiss its claim on that theory prior to the judgment. The appellant contends, on the other hand, that he was entitled to stand on the allegations of negligence in the amended third count, and that no amendment or election was necessary. It appears that the appellee not only moved for a directed verdict on the ground that there was no evidence to establish a contract with Allied, to insure against collision or to assume the risk, but also offered a demurrer prayer, which was granted, that there was no evidence of negligence on the part of Allied. It seems clear, and the appellee seems to concede, that the appellant, as the owner and bailor of the truck for the mutual advantage

of the appellant and Atlas, would have been entitled to recover for damage to the truck by the negligence of Allied through its servant Hicks, regardless of any express contract, if there had been a separate count as to negligence and there was evidence to support it. A permissive user, or sub-bailee, even without notice of the true ownership, would be liable for negligence to the owner, as well as to the bailee who permitted such use. *A. D. Telegraph Co. v. Walker,* 72 Md. 454, 463. The question resolves itself into one of pleading.

We may dismiss the appellee's contention as to variance. If the allegations as to negligence were properly included in the amended third count, there was no variance. Again, there was no reference to the pleadings in its motion for a directed verdict or in the prayer it submitted. We may also dismiss its contention as to duplicity in the third amended count, since there was no demurrer to it. Cf. *White Automobile Co. v. Dorsey,* 119 Md. 251, 256, and *State v. McNay,* 100 Md. 622, 625. It seems clear that under the Rules of Practice and Procedure, Part Two, III, Rule 2(a) (Rule 313 a of the new Rules), independent or alternative claims may be joined in one action. Cf. *Miller v. Howard,* 206 Md. 148, 158. The appellee concedes that under this Rule actions of contract and tort may be joined in one action, in separate counts. Rule 340 b 3 of the new Rules provides, however, that separate causes of action shall be contained in separately numbered counts. *Clark, Code Pleading* (2d ed.), p. 471, states that failure to make the separate statement of each cause as required is a defect of form waived if not seasonably taken. We think the objection was waived in the instant case by the failure to demur or otherwise raise the point. Moreover, the fact that the appellee offered a prayer on the theory of negligence may be deemed an acceptance of that issue, and there was no motion to require an election between the two theories.

We think the appellee's contention as to the necessity of an election at the conclusion of the testimony is also without merit. It may be that if the plaintiff had proceeded solely on the contract theory he might have been precluded, after judgment, from bringing a new action in tort arising out of the

same factual situation. Cf. *Bolton Mines Co. v. Stokes,* 82
Md. 50, 57, and *Hamlin Mach. Co. v. Holtite Mfg. Co.,* 197
Md. 148. However, it is clear that under the Rules per-
mitting joinder of causes of action there would be no need
to elect at the time of the institution of the suit. *Clark, Code
Pleading* (2d ed.), p. 494, takes the view that not even a
judgment, but only its satisfaction, bars further remedy. We
need not go so far in the instant case. The appellant reserved
his objections to the court's rulings on the appellee's motion
and prayer prior to judgment. If we assume that the court
could or should have required an election between alternative
causes of action at the conclusion of the testimony, the court
did not do so. Instead, the court ruled that the plaintiff was
not entitled to submit his case to the jury on either theory.
For all practical purposes, the appellant abandoned his claim
to recovery on the contract theory, and does not press it here.
We think the court erred in ruling that there was no evidence
legally sufficient to take the case to the jury on the theory
of negligence on the part of the appellee, although permitting
it to go to the jury as against its servant, Hicks. Accord-
ingly, the case will be remanded for a new trial on that theory,
with such amendments or deletions as the court may deem
proper.

> *Judgment reversed, with costs,
> and case remanded for fur-
> ther proceedings.*