EASTER *v.* DUNDALK HOLDING
COMPANY, ET AL.

[No. 73, September Term, 1963.]

*Decided December 12, 1963.*

*Motion to reconsider opinion filed in proper person December 19, 1963, denied January 3, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Andrew J. Easter,* in proper person, for appellant.

*Morton L. Goldner,* with whom was *Ellis Peregoff* on the brief, for appellees.

Horney, J., delivered the opinion of the Court.

This is the fifth episode in the saga of the legal battles that ensued as a consequence of the Dundalk Holding Company having encroached upon a strip of land—132 feet long and varying from 36/100th to 95/100ths of a foot in width—owned by Andrew J. Easter when the holding company innocently erected thereon a part of one of the side walls of a moving picture theater after it had acquired title to its land in August of 1945.

The first episode, an action of ejectment brought by the invaded owner against the encroaching owner, resulted in the jury finding encroachment and the entry of a judgment on the verdict in favor of Easter, and Dundalk appealed. The judgment of ejectment was affirmed in *Dundalk Holding Co. v. Easter,* 195 Md. 488, 73 A. 2d 877 (1950).

In the second episode, reported in *Easter v. Dundalk Holding Co.,* 199 Md. 303, 86 A. 2d 404 (1952), an action in equity by Dundalk to restrain Easter from enforcing his judgment, the lower court refused to grant the injunctive or other relief prayed for, but entered a decree assessing the value of the land. On appeal, we refused Dundalk's prayer, based on the doctrine of "comparative hardship," that the enforcement of the judgment be enjoined, and reversed the decree.

While the third episode, reported as *Easter v. Dundalk Holding Co.,* 199 Md. 324, 86 A. 2d 477 (1952), did not arise directly out of the encroachment, this action at law by Easter against Dundalk for damages based on loss of lateral support, is nevertheless a part of the perennial dispute between the parties and is still a bone of contention in the mind of Easter. For the purposes of this case, we need only note that the judgment for costs against Easter was affirmed because there was no evidence to support an award of damages.

The fourth episode—*Dundalk Holding Co. v. Easter,* 215 Md. 549, 137 A. 2d 667 (1958), *cert. den.* 358 U. S. 821 (1958), *reh. den.* 358 U. S. 901 (1958)—was really a part of the first episode. When it was discovered that it was impossible for the sheriff to enforce the writ of *habere facias possessionem* issued on the judgment of ejectment, Easter peti-

tioned the lower court for mandatory injunctive relief to require Dundalk to remove the encroaching wall of the theatre in accordance with the judgment. The court granted the relief sought and Dundalk appealed. On appeal, this Court, applying the doctrine of comparative hardship in this instance,[1] reversed the order appealed from because the lower court had not applied equitable principles. In so doing, it was stated that the *invaded* owner was not without remedies in that an equity court has power to give him an option of tendering a deed for the land encroached upon for a fair price, or remit him to the law court to seek the damages he suffered by reason of the encroachment.

According to the record of this fifth episode, it appears that Easter—possibly in anticipation that he might have to seek damages eventually for the encroachment in lieu of actual removal—had filed an action at law for damages caused by the encroachment in October of 1952. After the lapse of seven years, during which the suit was permitted to lie dormant, Easter, in November of 1959, applied for and was permitted to amend the original declaration, and, when the demurrer to the amended declaration was sustained, he filed a second amended declaration in August of 1961. Unfortunately, the last amendment was just as confusing and unintelligible as the first. Therein, in addition to seeking damages for the encroachment, he attempted to revive his claims for the actual removal of the encroachment and damages for loss of lateral support, both of which were barred by *res adjudicata.* He further sought to recover damages for loss of his job with the Navy, loss of profits from sales of adjoining land, loss of rentals due to abandonment of development of the property, and for outlays of legal fees, litigation costs and other expenses, he claimed he suffered

1. This *fourth episode* presented the opposite situation of that in the *second episode.* There, where the *invading* owner was asking that ejectment be restrained, the application of the doctrine of comparative hardship was denied on the theory that equity could not relieve the *invading* owner from the rigor of the enforcement of a valid judgment obtained in a court of law. But here, where the *invaded* owner was seeking to enforce his right to ejectment, the doctrine was applied because enforcement would benefit the *invaded* owner but slightly and penalize the *invading* owner heavily by requiring it to tear down the wall and rebuild it on its own land.

as a result of prosecuting and defending the series of litigation arising out of the encroachment.

At the trial before a jury, he read into the record from an itemized list, designated "Exhibit A," which apparently he prepared as a guide for the jury in its "assessment of damages," but, except for the production of certain irrelevant documents, plats and a photograph, there was no proof whatsoever of any proper damages other than his estimate of the damage caused by the encroachment.

At the close of the plaintiff Easter's case, the defendant Dundalk moved for a directed verdict. The motion was granted and a judgment for costs was entered against Easter. As herein indicated, the motion was properly granted as to the claims regarding actual removal of the encroachment and loss of lateral support. The motion was also properly granted as to all claims for damages set forth in the second amended declaration and in the itemization of the "assessment of damages" except the claim for damage resulting from the encroachment. As to this, we think the purposes of justice will be advanced by permitting further proceedings in this case. We shall therefore, pursuant to Maryland Rule 871 a, remand the case without affirmance or reversal for the introduction of additional evidence, which, however, shall be limited to such damages as is directly attributable to the encroachment. In a case such as this, where the cost of removing the encroachment would be greater than the diminution in the market value of the land encroached upon, as is the case here, the correct measure of damages is the difference between the value of the land before and after it was invaded. Cf. *Levi v. Schwartz,* 201 Md. 575, 95 A. 2d 322 (1953); *Easter v. Dundalk Holding Co., supra* (p. 328 of 199 Md.); *Mullan v. Hacker,* 187 Md. 261, 49 A. 2d 640 (1946). See also 1 Am. Jur. 2d, *Adjoining Owners,* § 74; 2 C.J.S., *Adjoining Owners,* § 36h. All other claims for damages advanced on this appeal are finally decided adversely to Easter.

We come now to a consideration of such of the other questions presented by the appellant Easter as require notice.

With respect to allowing the late filing of a pleading, the general rule, in the absence of a showing of prejudice or abuse of discretion, is that rulings on matters relating to the pleadings will not be disturbed, and the rule has been applied to

rulings as to the time for filing pleas. Cf. *Horner v. Plumley,* 97 Md. 271, 54 Atl. 971 (1903). There is nothing in the record to show either prejudice or abuse of discretion. Nor do we find anything in the present rules of procedure that was intended to preclude the lower court from exercising its discretionary power as to such matters. See particularly Rules 307 and 308.

The contention that the lower court arbitrarily denied a suggestion of removal by Easter after the jury had been sworn and the trial commenced is without merit. It was then too late to exercise the right of removal. *Taxicab Co. of Balto. v. Emanuel,* 125 Md. 246, 93 Atl. 807 (1915).

Nor is there any merit to the contention that the lower court should not have allowed Morton L. Goldner, Esq., to represent Dundalk in this case. We see no reason why employment as an assistant city solicitor and his privately representing Dundalk could be deemed a "conflict of interest" under the circumstances of this case. The city had no interest in Easter's suit against Dundalk for damages arising out of the encroachment. We have found no Maryland cases on the point, but it may well be that the problem is handled as an administrative policy in the city law office.

The appellee filed a motion to dismiss the appeal, based on the failure of the appellant to strictly comply with Rule 826 c 2 (requiring complete record of testimony). While we do not condone the failure to comply with the rules, we think that where, as here, the case is to be remanded without affirmance or reversal for further proceedings to permit the introduction of additional evidence, a dismissal of the appeal would not be justified, particularly in view of the fact that dismissal of an appeal is usually within the discretion of this Court.

> *Judgment affirmed as to all claims except appellant's claim for damages arising out of the encroachment; as to this claim only, the case is remanded without affirmance or reversal for further proceedings as limited by this opinion; the appellant to pay the costs.*