FALLON *v.* AGENCY RENT-A-CAR SYSTEM ET AL.

[No. 234, September Term, 1972.]

*Decided April 24, 1973.*

586

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Alan Edgar Harris* for appellant.

No brief filed on behalf of appellees.

LEVINE, J., delivered the opinion of the Court.

This appeal is from a decision of the Circuit Court for Baltimore County, the effect of which was to deny a jury

trial to appellant in a case she had filed in the district court. On February 2, 1972, Agency Rent-A-Car System (Rent-A-Car) filed suit against appellant in the District Court of Maryland for District 8 (Baltimore County), claiming $860.78 for rental of an automobile. Appellant was served on February 5, and on February 10 her attorney filed what appears to have been intended as the "Notice of Intention to Defend" that is contemplated by M.D.R. 302 a. No jury request was filed in that case.

On March 2, 1972, appellant filed a new case against Aetna Life & Casualty Co. (Aetna), in which she sought the type of relief that is normally obtained by a third-party action under Rule 315, i.e., indemnification and contribution. Oddly enough, appellant labeled her new suit as a "third-party claim," and throughout these proceedings has incorrectly identified herself as a third-party plaintiff and Aetna as a third-party defendant. This was merely the first curious step taken by appellant. That suit was accompanied by a twofold request for jury trial and consolidation of both cases. With extraordinary consistency, appellant then proceeded to have the sheriff serve the *Aetna* claim and summons on the attorney for Rent-A-Car. Whether Aetna has even heard of this case is not disclosed by the record. Suffice it to say, it has never appeared at any stage of the proceedings.

In any event, with the cases in that posture, they were consolidated and transferred to the circuit court. There, Rent-A-Car filed a motion *ne recipiatur* in the first case, in which it asked that the request for jury trial and motion to consolidate not be received. In ruling, however, Judge Menchine signed orders granting the motion in *each* case and remanded *both* to the district court. It appears that he did so—not illogically under the circumstances—because the actions had been consolidated; and the case against Aetna was, as appellant had insisted throughout, a third-party claim.

While appellant has actually appealed from both orders, she has tacitly abandoned that which was taken from the order remanding the first case to the district court, by confining her brief to the order entered in the suit brought against Aetna.

The following district court rules bear mentioning here:

Subsection b of Rule 343 provides in relevant part:

". . . a plaintiff entitled to a jury trial may elect such trial only by a separate writing *filed with his statement of claim,* and the clerk shall thereupon transfer the action to the Circuit Court." (emphasis added)

Subsection c provides:

"A defendant entitled to a jury trial . . . may elect such trial only by a separate writing filed within the time prescribed for filing the notice required by M.D.R. 302 (Notice of Intention to Defend). . . ."

Subsection b of Rule 302 provides:

"The notice [of intention to defend] shall be filed within 14 days after service of the summons and statement of claim upon the defendant. . . ."

Since appellant, as defendant in the first case, failed to request a jury trial within the time prescribed by the rules, she could not obtain indirectly, by consolidation with the second case, that which she had already waived.

In her brief, appellant has challenged the district court rules quoted above for the reason that they unconstitutionally circumscribe the right to a jury trial. Twice in the recent past we have upheld the constitutionality of rules of procedure imposing reasonable regulation upon the time within which a jury trial may be prayed, *Elmore v. Reese,* 268 Md. 490, 303 A. 2d 381 (1973); *Bettum v. Mont. Fed. S. & L. Ass'n,* 262 Md. 360, 277

A. 2d 600 (1971). We find no constitutional infirmity in M.D.R. 343.

Although appellant did not file a timely jury request in her capacity as defendant in the first case, it is quite clear that her prayer for a jury trial in the case against Aetna did comply with the time requirements of M.D.R. 343 a. Notwithstanding that the wound she complains of was entirely self-inflicted by the consolidation, we think that the correct course of action in the circuit court should have been a severance of the cases, and a remand of only the first to the district court for a trial there; coupled with a jury trial in the circuit court of the case against Aetna following proper service upon the latter. This may be accomplished upon a remand of these cases to the circuit court.

> *Order in Case No. 83620 affirmed; order in Case No. 83621 reversed; both cases remanded to the Circuit Court for B a l t i m o r e County for further proceedings not inconsistent with this opinion; appellant to pay costs.*