## JOSEPH C. RUDDY, JR. *v.* FIRST NATIONAL BANK OF MARYLAND

[No. 1251, September Term, 1980.]

*Decided May 12, 1981.*

The cause was argued before GILBERT, C. J., and LISS and MACDANIEL, JJ.

*Joseph C. Ruddy, Jr.,* in proper person, appellant.

*Eugene A. Friedman* for appellee.

MACDANIEL, J., delivered the opinion of the Court.

In March, 1979, appellee First National Bank of Maryland filed suit in the District Court of Maryland for Prince George's County against Appellant Joseph C. Ruddy, Jr., alleging monies ($1,514.32) due and owing on appellant's retail credit accounts. Appellant prayed a jury trial, whereupon the case was transferred to the Circuit Court for Prince George's County. In August, 1980, shortly before

trial, appellee moved that the case be heard without a jury; appellant acquiesced in this request, and the trial court granted the motion. Trial was held, and the court entered judgment for appellee in the amount of $1,514.32. Appellant noted a timely appeal to this Court, and presents the following questions for our consideration:

I. Whether the trial court erred in failing to remand the case to the district court once the parties waived trial by jury, since the amount pleaded by appellee was within the district court's exclusive jurisdiction?

II. Whether appellant was entitled to a recoupment for an alleged breach of contract occurring prior to July 1, 1978?

III. Whether the evidence as to recoupment was sufficient to support appellee's claim?

## I.

Appellant first contends that the circuit court was without jurisdiction to hear the case. He notes that the amount in controversy, $1,514.32, was within the exclusive original jurisdiction of the district court, and argues that the case should have been remanded there once the parties waived their right to trial by jury. Essentially, appellant maintains that when a civil case, properly within the exclusive original jurisdiction of the district court, is transferred to the circuit court because a jury trial is prayed, the circuit court retains jurisdiction only so long as the case is actually tried by a jury. He asserts that if the parties waive trial by jury then their action divests the circuit court of jurisdiction to hear the case, so the matter must be remanded to the district court.

The issue here calls for an examination of the statutory grants of district court and circuit court jurisdiction. It is of course commonplace that, in such inquiries, we look first to the language of the statutes themselves. When the language is plain and unambiguous, there is no need to look beyond the language itself; in such cases the statutes should be

given effect in accordance with the plain meaning of their words. *See, e.g., Koyce v. State, Central Collection Unit,* 289 Md. 134 (1980).

We begin by noting that the grant of general jurisdiction to the Circuit Courts of Maryland is contained in § 1-501 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland. That section provides:

> "The circuit courts are the highest common-law and equity courts of record exercising original jurisdiction within the State. Each has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, *except where by law jurisdiction has been limited or conferred exclusively upon another tribunal.* (Emphasis added.)

One "exception" to § 1-501 is the grant of civil jurisdiction to the District Courts of Maryland, which is contained in § 4-401 of the Courts Article. That section provides in part:

> "*Except as provided in § 4-402,* and subject to the venue provisions of Title 6, the District Court has exclusive original civil jurisdiction in:
>
> (1) An action in contract or tort, if the debt or damages claimed do not exceed $5,000; . . . ." (Emphasis added.)

However, as one of the specific exceptions to the general grant of district court jurisdiction, § 4-402 (e) provides that the district court *shall not* have jurisdiction to hear cases in which (a) the amount in controversy exceeds $500 and (b) a jury trial is prayed.[1] The statute provides:

> "(e) *Jury trial.* — (1) In a civil action in which the amount in controversy exceeds $500, a party may demand a jury trial pursuant to the Maryland District Court Rules.

---

1. Another exception provides concurrent jurisdiction if the amount in controversy exceeds $2500. This section is not involved here, as the amount in controversy was $1,514.32.

(2) . . ., if a party is entitled to and demands a jury trial, *jurisdiction is transferred forthwith* and the record of the proceeding shall be transmitted to the appropriate court." (Emphasis added.)

Reading the general jurisdictional grant of § 1-501 in conjunction with the jurisdictional grant of § 4-401 (1) and the exception thereto contained in § 4-402 (e), we think it clear that, in a proper case, it is the *demand* for a jury trial, in and of itself, which acts to divest the district court of jurisdiction and simultaneously to confer jurisdiction upon the circuit court. Furthermore, the transfer is not contingent upon the parties' subsequent decision to waive the jury trial earlier prayed, since there is absolutely nothing in the statutes to suggest such a contingent investiture of circuit court jurisdiction. Rather, we find the language of the statutes to be plain and unambiguous, and hold that, in accordance with the jurisdictional grants and exceptions contained in them, the circuit court retained jurisdiction to hear the case *sub judice* notwithstanding the parties' waiver of their right to a jury trial.

The Court of Appeals' decision in *Thompson v. State,* 278 Md. 41 (1976), confirms us in the view we take here. In that case the Court was asked to decide essentially the same question raised here, but with respect to the district court's *criminal,* rather than civil jurisdiction. The appellant Thompson was issued traffic summonses alleging violations of the motor vehicle laws — matters normally within the exclusive original jurisdiction of the district court, according to § 4-301 (a) of the Courts and Judicial Proceedings Article. However, one of the alleged offenses, driving while intoxicated, carried a penalty sufficiently severe that it entitled Thompson to demand a jury trial prior to trial in the district court, pursuant to § 4-302 (d).[2] He did so, and thereafter the

---

2. Section 4-302 (d) of the Courts and Judicial Proceedings Article provides:

"*Jury trial.* — (1) The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.

(2) A defendant may demand a jury trial in a criminal case if the penalty for the offense with which he is charged permits imprison-

case was transferred to the Criminal Court of Baltimore for trial.

When the case was called for trial in the criminal court, the State entered a *nolle prosequi* with respect to the summons charging Thompson with driving while intoxicated. Thompson subsequently reiterated his demand for a jury trial; alternately, he insisted that the case be remanded to the district court for disposition there. The circuit judge acceded to neither request; Thompson was tried by the court and convicted of one of the two remaining charges.

On appeal to this Court, Thompson contended that under § 4-302 (d) he was entitled to a jury trial in the criminal court on the two remaining charges. Alternately, he argued that if he was not entitled to a jury trial then the criminal court was divested of jurisdiction to hear the case, and that it should have been remanded to the district court. We held that Thompson was not entitled to a jury trial, and that once the criminal court lawfully acquired jurisdiction over the case the subsequent entry of the *nolle prosequi* did not divest it of that jurisdiction. *Thompson v. State,* 26 Md. App. 442 (1975). However, the Court of Appeals held that Thompson was entitled to a jury trial and so reversed our decision. *Thompson v. State,* 278 Md. 41 (1976). Nevertheless, the Court agreed with our resolution of the jurisdictional question. We quote the Court's opinion, at 278 Md. 47-48:

"Section 4-302 deals only with circumstances whereby jurisdiction *attaches* in the circuit courts

---

ment for a period in excess of 90 days; the State may not demand a jury trial."

And subsection (e) provides:

"*Several offenses.* — Except as provided in Subtitle 5, the District Court does not have jurisdiction of an offense or offenses otherwise within the District Court's jurisdiction if a person is charged with an offense or offenses arising from the same circumstances but not within the District Court's jurisdiction In this case, the circuit court for the county has exclusive original jurisdiction over all the offenses."

For all intents and purposes, these sub-sections correspond to § 4-402 (e), governing exceptions to the district court's exclusive original jurisdiction in civil cases.

> over offenses 'otherwise within the District Court's jurisdiction.' Nothing in the provisions of that section or of any other statute or Rule of this Court supports Thompson's contention that the Criminal Court's jurisdiction may be subsequently ousted by dropping the intoxicated driving charge. In many circumstances, once a court lawfully acquires jurisdiction over a case, that jurisdiction may continue despite subsequent events, even though those events would have prevented jurisdiction from attaching in the first place. *See Automatic Retailers v. Evans Cig. Serv.,* 269 Md. 101, 105, 304 A.2d 581 (1973); *Hardisty v. Kay,* 268 Md. 202, 212, 299 A.2d 771 (1973); *Ledford Const. Co. v. Smith,* 231 Md. 596, 600, 191 A.2d 587 (1963); *Kramer v. Kramer,* 26 Md. App. 620, 634, 339 A.2d 328 (1975); *Gray v. State,* 6 Md. App. 677, 253 A.2d 395 (1969)."

We here hold the same to be true with respect to the grant of the district court's *civil* jurisdiction, as provided in §§ 4-401, *et seq.,* of the Courts and Judicial Proceedings Article.

Appellant also contends that even assuming, *arguendo,* that the circuit court had jurisdiction to hear the case, it nevertheless erred in entering judgment *nisi* and final judgment for $1,514.32 in the circuit, rather than district court. As authority for this proposition appellant cites Maryland Rule 653, which provides:

> "Where by reason of the verdict of a jury being below the jurisdiction of the court, a judgment of non pros is entered, the record of such judgment shall be a bar to any action founded upon the same cause of action of any court, the limit of whose jurisdiction shall be greater than the amount of such verdict; but the amount of such verdict less such costs as may be adjudged against the plaintiff, shall be a debt from the defendant to the plaintiff, recoverable in the District Court."

The rule is inapplicable here: it applies only to the *verdict* of a *jury,* and there was no jury here. *See Cheek v. J.B.G. Properties,* 28 Md. App. 29, 46 (1975).

## II.

Appellant next argues that the trial court erred in denying his claim for recoupment. Appellant claimed damages arising from appellee's alleged breach of the parties' credit card agreement as well as the breach of an oral agreement entered into in July, 1978. The trial court ruled that appellant had presented evidence of a set-off, not recoupment, and that a set-off must be pleaded by counter-claim, which appellant had neglected to file. Consequently, the trial court denied appellant's claim. Appellant argues that the trial court erred in ruling that appellant's claim was by way of set-off rather than recoupment, but we need not rule upon the precise question. Appellant testified that, in accordance with the July, 1978, oral agreement, he tendered payment of an amount he deemed due as a full accord and satisfaction of all extant claims of indebtedness. There was also evidence that appellee accepted the sums in full payment even though it was less than the amount which it alleged it was owed. In light of this evidence, the trial court ruled that, whether appellant pleaded by set-off or recoupment, any claims arising from appellee's alleged breach of contracts, antedating July, 1978, were barred by the parties' accord and satisfaction. The evidence was certainly sufficient to support this conclusion; the trial court's ruling was not clearly erroneous. Maryland Rule 1086. *And see, e.g., Jacobs v. Atlantco Ltd. Partnership,* 36 Md. App. 335 (1977); *Washington Homes v. Baggett,* 23 Md. App. 167 (1974).

## III.

Finally, appellant challenges the trial court's conclusion that the evidence in defense, whether by way of set-off or recoupment, was insufficient. But it is well-established that,

> "When an action has been tried by the lower court without a jury, this Court will review the case upon both the law and the evidence, but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses."

Maryland Rule 1086. Having reviewed the record of the case, we find nothing to suggest that the trial court's decision was clearly erroneous.

*Judgment affirmed.*
*Appellant to pay the costs.*