481 A.2d 186

Kenneth VOGEL and Leonard Vogel

v.

Daniel J. GRANT.

No. 16 Sept. Term, 1983.

Court of Appeals of Maryland.

Sept. 11, 1984.

L. Marc Zell and Lawrence Allan Arch, Bethesda (Topf, Zell, Kolodny & Novick, Bethesda, on the brief), for appellants.

David E. Manoogian, Bethesda (Beckett, Cromwell & Myers, P.A., Bethesda, on the brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

We granted the petition for a writ of certiorari in this case to consider important procedural issues in connection with a jury trial demand in a District Court civil action.

On February 24, 1981, Dr. Daniel Grant, a mechanical engineer, filed an action against Kenneth Vogel and Leonard Vogel, trading as Vogel Builders, in the District Court of Maryland, at the Silver Spring location of the court. Grant, represented by counsel, alleged that he had entered into a contract with the Vogels under which Grant was to render services, and that the Vogels had refused to pay him the agreed upon compensation. Grant sought damages of $1,084.40.

The Vogels were served on March 11, 1981. On March 17, 1981, the Vogels, then unrepresented by counsel, went to the Silver Spring location of the District Court and received the assistance of a court clerk in filing their response. At that time they prepared a counterclaim for a $100 deposit which they had allegedly given to Grant, a Notice of Intention to Defend and a handwritten "Please" form.

On the "Please" form, printed in ink, there were separately numbered requests for (1) a jury trial, (2) a postponement of the trial date and (3) a subpoena of Grant's records. The form was signed by Kenneth Vogel and Leonard Vogel. There was no certificate of service signed by one of the Vogels, although in different handwriting and different color ink there was written across the form the following: "copy to TT's atty. 3–27–81." The record shows that both the Vogels and the District Court clerk mailed copies of the completed "Please" form, as well as the other documents,

to Grant's attorney. Moreover, Grant's attorney acknowledged receipt of the "Please" form.[1]

The "Please' form and other documents filled out by the Vogels were all formally filed on March 17, 1981, with a separate District Court docket entry for each of the Vogels' requests. In light of the jury trial demand, the docket indicates that the record in the case was transferred to the Circuit Court for Montgomery County on March 17th.[2]

On March 31, 1981, the plaintiff Grant sent to the District Court, *inter alia*, a motion to strike the Vogels' demand for a jury trial, and the motion was filed in the District Court on April 1, 1981. The motion asserted two grounds: (1) the demand for a jury trial was not a "separate writing" and therefore did not comply with Maryland District Rule 343; (2) the demand for jury trial did "not bear a certificate of service pursuant to Maryland District Rule 306."

A hearing on the motion to strike the jury trial demand was held in the District Court on May 13, 1981. After initially posing a question to the plaintiff's counsel concerning whether the motion "is ... for me to decide or is [it] for the circuit court to decide," the district judge went on to grant the motion on the grounds asserted by the plaintiff. When the judge indicated that the hearing was over, one of the defendants interrupted. The colloquy was as follows:

---

1. The "Please" form then in use in the District Court, and the one completed by the Vogels, was form CV–67. This was a short piece of paper with spaces at the top for the court location, case number, trial date, caption of the case, and date. Immediately thereafter was printed the word "Please," followed by seven blank lines. The three requests of the Vogels took up all seven lines. The form then contained three lines for the name, address and telephone number of the person and/or attorney filing the form. There was no certificate of service form, or even any space for a certificate of service, following the line for the telephone number of the person or attorney filing the form.

In 1984, a new "Please" form, number DC 1, replaced form number CV–67. This form is on regular length paper and contains a "Certificate of Service" form near the bottom.

2. Neither the docket entries nor the record on appeal disclose when the record was returned by the circuit court. Nevertheless, at some time after March 17, 1981, it was returned to the District Court.

"DISTRICT JUDGE: All right gentlemen, that will take care of this matter.

LEONARD VOGEL: Pardon me, Your Honor, are we permitted time to obtain counsel to refile?

DISTRICT JUDGE: Well, you don't have a trial date, do you?

LEONARD VOGEL: No, Your Honor.

DISTRICT JUDGE: So you've got time.

LEONARD VOGEL: Thank you.

DISTRICT JUDGE: You've got time right now.

LEONARD VOGEL: Thank you, Your Honor." [3]

Five days later, on May 18, 1981, the Vogels filed a paper setting forth another demand for a jury trial. No other request was made on the same piece of paper, and a certificate of service, properly filled out and signed by Kenneth Vogel, was contained on the document. The District Court sua sponte "denied" the Vogels' second jury trial demand on June 1, 1981, stating merely that it was "not timely filed." [4] A June 9th letter from the Vogels to the

---

**3.** Former Maryland District Rule 343, then in effect, provided that a defendant's election of a jury trial should be filed within the time prescribed for filing a notice of intention to defend. Former Maryland District Rule 302 b provided that a notice of intention to defend should be filed within twenty-one days after service of the summons and statement of claim, although subsection e of that rule authorized the court to excuse the failure to file a timely notice of intention to defend.

**4.** The plaintiff, in his brief in this Court, suggests that the district judge's grant on May 13th of an extension to refile related to something other than the jury trial demand. Our reading of the transcript, however, persuades us that the extension related to the jury trial demand.

If the District Court's June 1st denial of the second jury trial demand was based on the theory that generally district judges lack power to grant such extensions, such ruling would appear to have been erroneous. Absent a statute or rule limiting its authority, a trial court generally has the authority to extend a non-jurisdictional time limit for filing a pleading or other paper, although the court's exercise of such authority is subject to review on appeal for abuse of discretion. *See Easter v. Dundalk Holding Co.,* 233 Md. 174, 179–180, 195 A.2d 682 (1963). *See also Goins v. State,* 293 Md. 97, 111, 442 A.2d 550

District Court, requesting reconsideration of this decision on the ground that the court had granted permission "to refile our jury trial request" and that the refiling "was only five days after the hearing, only three of them working days," was apparently not expressly ruled upon and was evidently treated as having been denied.

The case was tried in the District Court on March 9, 1982. On March 15, 1982, a judgment in favor of the plaintiff Grant for $1,084.40 plus costs was entered. On April 8, 1982, the Vogels, represented for the first time in the case by an attorney, filed an order of appeal to the Circuit Court for Montgomery County. The Vogels' contention on appeal was that they had been entitled to a jury trial and that, upon their demand for a jury trial, the District Court had been divested of jurisdiction.

The circuit court did not reach the Vogels' jury trial contention. Instead, it affirmed on the ground that, because "the denial of the jury trial by the District Court on May 13, 1981, and again on June 1, 1981, was immediately appealable, this appeal comes too late."

As previously indicated, this Court granted the Vogels' petition for a writ of certiorari. We shall reverse and remand the case for a jury trial in the circuit court.

■ The Maryland Constitution, in Article 23 of the Declaration of Rights, guarantees a right to a jury trial in those types of civil cases to which the right historically attached and where the amount in controversy exceeds $500.00. *Bringe v. Collins,* 274 Md. 338, 346, 335 A.2d 670, *application for stay denied,* 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 475 (1975). Consequently, as the instant case was a breach of contract action for money damages in excess of $500.00, the Vogels were entitled to a jury trial.

---

(1982) ("Except as limited by statute or rule, a trial court has inherent authority to control its own docket"). Since July 1, 1984, with regard to cases in both the District Court and the circuit courts, the matter of extensions of time to allow an act to be performed has been generally governed by Maryland Rule 1–204.

■ Maryland Code (1974, 1984 Repl.Vol.), § 4–402 of the Courts and Judicial Proceedings Article, sets forth certain exceptions to the subject matter jurisdiction of the District Court in civil cases. Subsection (e) of that section relates to a demand for a jury trial and the consequent effect upon the jurisdiction of the District Court. That section states in pertinent part:

"§ 4–402. Exceptions.

\* \* \* \* \* \*

"(e) *Jury trial.* —(1) I a civil action in which the amount in controversy exceeds $500, exclusive of attorney's fees if attorney's fees are recoverable by law or contract, a party may demand a jury trial pursuant to the Maryland District Rules.

"(2) Except in a replevin action, if a party is entitled to and demands a jury trial, jurisdiction is transferred forthwith and the record of the proceeding shall be transmitted to the appropriate court. . . . "

Therefore, under the wording of the statute, when a party or parties are entitled to a jury trial, as were the Vogels, and they demand a jury trial, the demand itself divests the District Court of jurisdiction as a matter of law and immediately vests jurisdiction in the circuit court. As recently emphasized in *Ruddy v. First Nat'l Bank.*, 48 Md.App. 681, 684, 429 A.2d 550, *summarily affirmed*, 291 Md. 275, 434 A.2d 581 (1981), "it is the *demand* for a jury trial, in and of itself, which acts to divest the District Court of jurisdiction and simultaneously to confer jurisdiction upon the circuit court." *Accord, Prince Georges Prop. v. Rogers*, 275 Md. 582, 585, 341 A.2d 804 (1975). *Cf. Kawamura v. State*, 299 Md. 276, 285, 297, 473 A.2d 438 (1984); *Thompson v. State*, 278 Md. 41, 47, 359 A.2d 203 (1976).

■ Former Maryland District Rule 343, which was in effect when the present case was pending in the District Court and in the Circuit Court for Montgomery County, sets forth certain procedural requirements for the election of a jury trial. It provided in relevant part as follows:

"Rule 343.   Election of Jury Trial.

"a.   *Right Waived Unless Elected.*

Trial by jury shall be waived unless elected as provided by this Rule.

"b.   *Plaintiff's Time for Election.*

In an action over which the District Court has exclusive original jurisdiction, a plaintiff entitled to a jury trial may elect such trial only by a separate writing filed with his statement of claim, and the clerk shall thereupon transfer the action to the Circuit Court."

"c.   *Defendant's Time for Election.*

A defendant entitled to a jury trial, including a third-party defendant, may elect such trial only by a separate writing filed within the time prescribed for filing the notice required by M.D.R. 302 (Notice of Intention to Defend).   A cross-defendant and a counter-defendant may make such election only by a writing filed within 21 days after service of the cross-claim or counter-claim against him."

Additional requirements were set forth in other rules, such as the proof of service requirement of former Maryland District Rule 306 a 2.[5]   Nevertheless, the violation of one of these procedural requirements set forth in the rules does not ordinarily result in the District Court retaining jurisdiction over a case where the party was entitled to and demanded a jury trial.   Instead, as the statute and cases make clear, when a party has a right to a jury trial and files a demand, jurisdiction over the case is immediately vested in the circuit court.   If another party believes that there was a procedural defect, which results in a waiver of the jury trial right, or which otherwise should deprive the

---

**5.**   Effective July 1, 1984, former Maryland District Rule 343 was replaced by Maryland Rule 3–325, and former Maryland District Rule 306 a 2 was replaced by Maryland Rule 1–323.   The time period for a defendant to demand a jury trial was changed somewhat by Maryland Rule 3–325.

demandant of a jury trial, his recourse is to file a motion *in the circuit court.* If the movant's procedural objection to the jury trial is well-taken, the circuit court will then remand the case to the District Court for a nonjury trial.[6] Nevertheless, as long as it is the type of case to which the jury trial right attaches and a jury trial is demanded, it is normally the circuit courts, and not the District Court, which have jurisdiction over a motion opposing a jury trial because of an alleged procedural defect. *See Fallon v. Agency Rent-A-Car*, 268 Md. 585, 303 A.2d 387 (1973).[7]

*Fallon* involved two District Court cases in which demands for jury trial were filed by the same party. Thereupon one of the other parties filed a motion *in the circuit court* complaining that one of the jury trial demands was untimely under former Maryland District Rule 343. The circuit court, holding that both demands were untimely, remanded both of the cases to the District Court. On appeal this Court held that the jury trial demand in one case was timely, that the demand in the other case was filed late resulting in a waiver of the right to a jury trial, and "that the correct course of action" should have been for the circuit court to have retained jurisdiction over one case and

---

**6.** This situation, *i.e.,* a meritorious procedural objection to the District Court jury trial demand which is properly filed in the circuit court and which results in a remand of the case to the District Court, should be distinguished from the situation where a party in the District Court is entitled to a jury trial, demands a jury trial thereby vesting jurisdiction in the circuit court, and thereafter some event occurs which, if it had occurred earlier while the case had been in the District Court, would have rendered the case inappropriate for a jury trial. In the latter situation the circuit court should not remand the case to the District Court; instead the circuit court's jurisdiction over the case continues. *Ruddy v. First Nat'l Bank*, 48 Md.App. 681, 429 A.2d 550, *summarily affirmed*, 291 Md. 275, 434 A.2d 581 (1981); *Thompson v. State*, 278 Md. 41, 359 A.2d 203 (1976).

**7.** To the extent that a contrary view may have been suggested in *Thompson v. Giordano*, 16 Md.App. 264, 277, 295 A.2d 881 (1972), that case is disapproved.

to have remanded the other case to the District Court. 268 Md. at 589, 303 A.2d 387.[8]

Turning to the case at bar, it is clear that the District Court had no jurisdiction to entertain the plaintiff Grant's motion to strike the Vogels' March 17, 1981, demand for a jury trial. The motion to strike was not based upon the theory that there was no right to a jury trial in the case; moreover, there is no question concerning the Vogels' entitlement to a jury trial under the Maryland Constitution.[9] Once the Vogels' demand for a jury trial was filed on March 17th, the District Court lost jurisdiction over this case

---

**8.** Subsequent to the time when the *Fallon* case arose, subsection e was added to former Maryland District Rule 343 and was in effect until July 1, 1984. Subsection e provided as follows:

"e.  *Election Not Timely Filed—Trial in District Court.*

At any time prior to the transmission of the record on transfer of the action to the Circuit Court the District Court may, *sua sponte* or on motion, determine that an election for jury trial has not been timely filed and the action shall thereupon be tried in the District Court."

The language of subsection e was apparently intended to vest authority in the District Court, after a jury trial demand but prior to the physical transmission of the record, to entertain an objection to the jury trial demand on timeliness grounds.

By its own terms, there are two reasons why subsection e would not have applied to the Vogels' jury trial demand on March 17, 1981. First, the objection to the March 17th demand was not, and could not properly have been, on the ground that it was untimely. Second, the objection and ruling by the court came after the initial transmission of the record to the circuit court, which occurred on March 17th.

Because of the timely demand for a jury trial on March 17, 1981, resulting in a transmission of the record that day, we need not consider the possible effect of former subsection (e) upon the Vogels' second demand for a jury trial on June 1, 1981.

**9.** A district court judge does of course have authority, after a demand for a jury trial is made, to determine whether the case is one where there is a constitutional or statutory right to a jury trial. Under § 4–402 of the Courts and Judicial Proceedings Article of the Code, a prerequisite for the transfer of jurisdiction from the District Court to the circuit court, upon the demand for a jury trial, is that the demandant "is entitled to ... a jury trial." Nevertheless, if in such situation the district judge erroneously holds that there is no right to a jury trial in the case and attempts to continue exercising jurisdiction over the proceedings, while jurisdiction is actually in the circuit court because there was a right to and a demand for a jury trial, the matter

(except for the clerical function of transmitting the record) and the Circuit Court for Montgomery County acquired jurisdiction.[10]

█ In addition, the circuit court erred in refusing to consider the case on the theory that the order of appeal was untimely. It is true that, ordinarily, a timely order of appeal is necessary for jurisdiction to be vested in an appellate court. But, because of the wording of § 4–402(e) of the Courts and Judicial Proceedings Article, in the present case an order of appeal was not needed to confer jurisdiction upon the Circuit Court for Montgomery County. Instead, the filing of the jury trial demand vested jurisdiction in the circuit court. Furthermore, the circuit court acquired jurisdiction as a trial court, and not as an appellate court. The function served by an order of appeal in this situation was merely to bring to the circuit court's attention a case over which, by operation of law, the circuit court already had acquired trial jurisdiction.

█ Moreover, even if § 4–402 of the Courts and Judicial Proceedings Article were worded differently, and if a timely

---

can be immediately corrected by the circuit court. *See Kawamura v. State,* 299 Md. 276, 283–285, 297, 473 A.2d 438 (1984).

10. The plaintiff Grant argues in his brief that because, in Grant's view, the District Court clerk should not have filed the jury trial demand on March 17, 1981, in light of the alleged absence of a certificate of service, we should treat the jury trial demand as not having been filed. We reject this argument, as it is contrary to reality, and the plaintiff has cited no authority supporting his position. Where a pleading or other paper is in fact filed, an alleged procedural defect in connection with the filing, of the type asserted here, does not justify treating the document as having not been filed. *See Horner v. Plumley,* 97 Md. 271, 279, 54 A. 971 (1903). Where a rule or statute provides that a paper shall not be filed by the court clerk unless a particular procedural requirement is complied with, and where the clerk in fact files the document despite the lack of compliance with such requirement, the filing is ordinarily not treated as ineffective or a nullity. *See Clemens Electrical Manuf'g Co. v. Walton,* 168 Mass. 304, 47 N.E. 102, 103 (1897); *Poetz v. Mix,* 7 N.J. 436, 81 A.2d 741, 744 (1951). Finally, this Court has indicated that, when one side has in fact served a paper upon the other side, it is proper for the clerk to file the document. *Anderson v. Hull,* 215 Md. 476, 482, 138 A.2d 875 (1958).

order of appeal were necessary to confer jurisdiction upon the circuit court, the court below would still have erred in holding that the order of appeal was untimely. We shall assume arguendo that, as a general matter, interlocutory orders denying jury trials are immediately appealable.[11] Nevertheless, when an interlocutory order is immediately appealable, a party normally retains the option of foregoing the interlocutory appeal and raising the allegation of error upon an appeal from a final judgment terminating the case in the trial court. *Rocks v. Brosius*, 241 Md. 612, 646–648, 217 A.2d 531 (1966); *Save-Mor Drugs v. Upjohn Co.*, 225 Md. 187, 194, 170 A.2d 223 (1961); *Washington Cleaners v. Albrecht*, 157 Md. 389, 401, 146 A. 233 (1929). *See also Carbaugh v. State*, 294 Md. 323, 328, 449 A.2d 1153 (1982); *Pulley v. State*, 287 Md. 406, 414–419, 412 A.2d 1244 (1980); Maryland Rule 887. Consequently, even if an order of appeal were necessary in this case, the Vogels would have been entitled to forego an interlocutory appeal and wait until the entry of a final judgment for money damages before filing their order of appeal.

Finally, the alleged procedural defects in connection with the Vogels' March 17, 1981, demand for a jury trial furnish no ground for affirmance. We shall assume, for purposes of argument, that the jury trial demand did not comply with the rules and the noncompliance was of such a nature that, upon a properly filed objection, the request for a jury trial should have been refused. Nonetheless, the asserted defects in form did not prejudice the plaintiff Grant. He was actually served with the document and recognized that it was a demand for a jury trial. Grant did not thereupon file anything in the Circuit Court for Montgomery County, which was the only court having jurisdiction over the case at the time. Instead, Grant's attorney

---

11. *See* the discussion in *Kawamura v. State, supra,* 299 Md. at 282–283 n. 5, 473 A.2d 438. *Compare Condon v. Gore,* 89 Md. 230, 234, 42 A. 900 (1899), and *Thompson v. Giordano, supra,* 16 Md.App. at 276, 295 A.2d 881, *with Ex Parte Johnson,* 215 Md. 391, 394–395, 138 A.2d 347 (1958).

erroneously insisted at the May 13, 1981, hearing that the District Court had jurisdiction over the matter. Under the circumstances, Grant's failure to properly file an objection to the jury trial demand constituted a waiver of his objection. *See, e.g., McPhail v. Sagner,* 266 Md. 318, 333–334, 293 A.2d 257 (1972); *Kirchner v. Allied Contractors,* 213 Md. 31, 36, 131 A.2d 251 (1957); *Giessman v. Garret County,* 185 Md. 350, 365, 44 A.2d 862 (1945); *Shoop v. Lefever v. Powles,* 13 Md. 304, 310 (1858); *Stockett, Adm'r of Locke v. Sasscer,* 8 Md. 374, 377 (1855); *Benson v. Davis,* 6 H. & J. 272, 273 (1824).

As the Vogels were entitled to a circuit court jury trial upon their March 17, 1981, demand for a jury trial, we shall remand the case for that purpose.

JUDGMENTS OF THE CIRCUIT COURT FOR MONT-GOMERY COUNTY AND THE DISTRICT COURT OF MARYLAND REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENT TO PAY COSTS.