MANDEVILLE, BROOKS & CHAFFEE *et al. vs.* ALEXANDER FRITZ.

SAME *vs.* ROSE H. FLINT.

APRIL 11, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

514

BARROWS, J. In each of these cases the same constitutional question is certified to us under General Laws 1923, Chapter 348, Section 1. Defendants assert that Public Laws 1929, Chapter 1327, amending General Laws 1923, Chapter 337, Section 6, violates Section 15 of Article 1 of the Constitution of Rhode Island providing that "the right of trial by jury shall remain inviolate."

The question whether said statute is repugnant to Article XIV of Amendments to the Constitution of the United States is not presented by the certification and defendant's argument thereon is not considered.

The actions were assumpsit returnable to the Superior Court December 14, 1929. Each declaration showed plaintiff's claim to be on book account. By Chapter 337, Sec. 4, G. L. 1923, "assignment-day for trial or other disposition" was January 4, 1930. On that and other days, orders concerning pleadings were entered and complied with, and on February 14, 1930, the parties were at issue.

Each defendant then moved to assign the case for jury trial. Each motion was denied on the ground that jury trial had been waived because the above mentioned Chapter 1327 provides that "if neither party files a written claim for a jury trial at any time before its assignment day, then jury trial shall be deemed to be waived in such case . . . and the court shall hear, try and determine the said case both as to the law and as to the facts and render decision therein . . . ."

Reasonable conditions may be placed upon the exercise of the right to claim a jury trial. *Mathews* v. *Tripp*, 12 R. I. 256; *Mathewson* v. *Ham*, 21 R. I. 311; *Houle* v. *Lussier*, 50 R. I. 339; 35 C. J. 210, 213.

Defendants' contention is that requirement of written claim for jury trial on or before assignment day in these cases was an unreasonable and arbitrary condition because it compelled a written claim for jury trial, if desired by defendant, before the issues were settled and the details of plaintiff's claim made known; that such requirement deprived them of right to trial by jury.

Defendants were not denied the right of jury trial; they were forced to choose before the issues were joined. Some states have framed their statutes to permit delay in demanding jury trial until issues have been reached. 35 C. J. 213. From a constitutional point of view, however, the only necessity is that a litigant be given a reasonable opportunity to claim jury trial.

Assignment-day is a settled statutory day for each case. It is positively fixed for procedural purposes. General Laws 1923, Chapter 337, §§4, 5. Section 6 as amended is the one now attacked. Section 7 provides for the closing of incompleted pleadings after assignment-day, showing that the legislature did not expect that issue always would have been reached on said day.

Assignment day will always be at least twenty days after the return day of the writ. On assignment-day defendant has had opportunity to see the declaration and know the nature, although not always the details, of the claim against him. Knowledge of exact issues may be helpful in determining his strategy, but it is not something without which he can not choose between a jury and a court as a trier of facts.

The statute seeks to increase the efficiency of the court by enabling it to dispose its forces according to requirements and to avoid needlessly calling from their vocations more citizens than are needed for jury duty. Twenty days is ample time within which to claim a jury trial if a litigant

desires one. Intelligent election between trial by court and by jury is not dependent on the closing of the pleadings. The doing of justice is not dependent on whether trial is by court or by jury. Defendants' claims of unconstitutionality are without merit. *Phoenix Pottery Co.* v. *Perkins Co.,* 74 Atl. (N. J.) 258; *Haythorn* v. *Van Keuren & Son,* 74 Atl. (N. J.) 502.

Chapter 1327 was within the scope of legislative power and by its operation in this case defendants' right to jury trial as given by Section 15 of Article I of the Rhode Island Constitution was not violated.

The papers in the case with our decision certified thereon are ordered sent back to the Superior Court for further proceedings.

*Sherwood, Heltzen & Clifford, Sidney Clifford,* for plaintiff.
*Hinckley, Allen, Tillinghast, Phillips & Wheeler, Abbott Phillips, Roger T. Clapp* for defendants.