(No. 2373—Decided November 28, 1956.)

*Mr. John P. McHugh,* city solicitor, for appellee.
*Mr. Earl H. Moore, Jr.,* for appellant.

Wiseman, J. This is an appeal on questions of law from a judgment of conviction and sentence of the defendant-appellant by the Miamisburg Municipal Court on a charge of operating a motor vehicle while his operator's license was under suspension, contrary to Section 4507.38, Revised Code. The offense carries a penalty of fine and imprisonment.

On the day of trial, the defendant appeared in court with counsel who, before the trial began, orally moved for a continuance and a jury trial. The motion being overruled, a trial was had on the merits before the judge. The one assignment of error is directed to the ruling on the request for a jury trial.

Section 1901.24, Revised Code, in part provides:

"Any cause in a Municipal Court, either civil or criminal, shall be tried to the court unless a jury trial is demanded in writing by a party entitled to the same. A demand for a jury trial in civil cases must be made in accordance with rule of court, and if there is no rule, then not less than three days before the date set for trial, or unless the judge in the interest of justice on his own motion orders a trial by jury. In any criminal case in which the accused is entitled to a jury trial, a demand for a jury trial must be made by the accused before the court shall proceed to inquire into the merits of the cause, otherwise a jury shall be deemed to be waived."

Whether the cause is civil or criminal, the demand for a jury trial must be in writing. In a criminal case, such demand must be made before the court proceeds to inquire into the

merits of the cause, otherwise a jury is deemed waived. The validity of a ruling requiring a demand for a jury to be in writing was before the court in *Harry Goldberg Co.* v. *Emerman*, 125 Ohio St., 238, 181 N. E., 19, the first paragraph of the syllabus of which is as follows:

"Section 1579-24, General Code, authorizing courts to formulate a rule providing how long before the trial a demand for a jury should be made and requiring such demand to be in writing, is constitutionally valid. Such statute and rule merely regulate the method of making the demand; they do not deny a party his right to a jury trial."

However, that case was a civil action. The question we have before us arises in a criminal action wherein defendant was charged with a misdemeanor.

In the case of *In re Calhoun*, 87 Ohio App., 193, 94 N. E. (2d), 388, which involved a criminal action, this court, on pages 197 and 198, said:

"* * * The right to a jury trial in the Municipal Court of Dayton is controlled by Section 1579-60, General Code, which in part provides as follows:

" 'All causes, both civil and otherwise, in the Municipal Court shall be tried to the court, unless a jury shall be demanded in writing by either party to the action. The court shall have power to determine by appropriate rule the time and manner in which a jury shall be demanded.'

"This section preserves the right to a trial by jury, but prescribes that the cause shall be tried to the court unless a jury is demanded in writing. In the instant case, the record does not show that the petitioner made a written demand to be tried by a jury. * * *

"It has been held that a municipal court act which provides that a jury must be demanded is not in violation of the constitutional provisions guaranteeing the right to a jury trial. *Hoffman* v. *State*, 98 Ohio St., 137, 120 N. E., 234. Furthermore, it has been held that Section 13442-4, General Code, does not supersede a provision in a municipal court act that a cause shall be tried by the court unless a jury is demanded in writing. *Holub* v. *State*, 127 Ohio St., 34, 186 N. E., 708. See, also, *State* v. *Partanen*, 67 Ohio App., 248, 36 N. E. (2d), 422, wherein the

court had presented to it the same question which is presented in the instant case. In that case the court held that the provision in the act creating the Municipal Court of Painesville, relative to the procedure to be followed if a jury trial is desired, controls over the general provisions relative to the subject of jury trials."

In *State* v. *Partanen,* 67 Ohio App., 248, 253, 36 N. E. (2d), 422, the court said:

"There is no evidence before us that defendant made written demand for trial by jury before the judge of the Municipal Court proceeded to inquire into the merits of his case as provided by Section 1579-1048, General Code, and in accordance with the provisions thereof, by failing to make written demand to be tried by a jury, he waived the right to trial by jury and submitted to trial by the court, whom we have held was a legal magistrate."

Section 1901.24, Revised Code, is constitutionally valid, and the demand for a jury, not being in writing, did not meet the requirements of the statute and the defendant is deemed to have waived a jury trial. The trial court did not commit error in proceeding to try the issue without a jury.

As we find no error in the record prejudicial to the rights of the defendant, the judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.