The State, ex rel. Beil, Prosecuting Attorney, Appellee, *v.* Mahoning Valley Distributing Agency, Inc., et al., Appellants.

(No. 4142—Decided February 6, 1962.)

*Mr. Thomas A. Beil*, prosecuting attorney, and *Mr. Loren E. Van Brocklin*, for appellee.

*Mr. Oscar B. Kaufman* and *Messrs. Brock & Fleishman*, for appellants.

Donahue, J. This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Mahoning County granting an injunction against defendants under Section 2905.343, Revised Code.

A "bill of exceptions" containing the evidence and exhibits introduced in the Common Pleas Court was filed in this appeal, as was a brief containing six "assignments of error."

We should note that a bill of exceptions has no place as such in an appeal on questions of law and fact. At most the bill here can only be considered as a transcript of the evidence submitted in this case in this court. Likewise, "assignments of error" demonstrate nothing in an appeal on questions of law and fact, since such an appeal is a trial *de novo* of the entire cause, without regard to any error of which the lower court may have been guilty. We may neither affirm nor reverse the judgment of the Common Pleas Court. We must consider the cause anew, as though it had never been heard before anywhere, and we must make our own decision.

We will treat the material labeled as "assignments of error," so far as they have validity, as guideposts which may, if possible, keep this court from committing its own error.

With the above in mind, we feel that there are only two arguable questions before us.

First: Is Section 2905.343, Revised Code, constitutional?

Second: If so, will an injunction lie to restrain the distribution of the book in question?

It is strongly argued by way of brief and orally that this section is unconstitutional because it fails to provide that a jury decide the ultimate application of the law to the facts. We might note that the salient facts are all admitted, *i. e.*, the publication and distribution of this particular book, the book itself (an exhibit), etc.

We must again note that this cause is before us on questions of law and fact, and any question as to whether the defendants were or should have been constitutionally entitled to a jury in the Common Pleas Court is immaterial in this hearing.

The only question would be, are the defendants entitled constitutionally to a jury in the Court of Appeals. The Court of Appeals is a creature of the Constitution. It has only such jurisdiction as is granted by the Constitution and the state Legislature. We know of nothing anywhere which provides for a jury trial in the Court of Appeals. Therefore, if none is provided for, a statute cannot be unconstitutional because it does not provide for a jury trial in this court. Furthermore,

we find no request in the record by defendants for a jury trial in this court.

Other arguments advanced by defendants go to the evidence and whether it justifies an injunction and also whether *Roth* v. *United States*, 354 U. S., 476, is to be used to measure the obscenity of the book involved here.

The latter question has recently been answered by the Supreme Court of Ohio in *State* v. *Jacobellis*, 173 Ohio St., 22, wherein the test used was the *Roth case* test.

The evidence submitted in this case is voluminous (1,063 pages) and consists of long drawn out testimony by ''experts.'' None of these witnesses qualified, in our opinion, as experts on the prurient interests of the average person in the community. Each may have been an ''expert'' in his own field, such as teaching, preaching, etc. But we strongly doubt that they were experts in the field in which they were giving ''expert'' testimony. At best, they were giving their own opinions, gathered in the limited field of their own professions and experience as to what they thought. The average policeman, judge, or general medical practitioner would probably have come much closer to being an expert. This evidence comes to us as a transcript of the evidence admitted in the Common Pleas Court, and we assume that the judge who heard it there gave the parties all possible opportunity to present everything they felt was helpful. Had there been a jury present, it is probable the evidence would have been much more limited by the judge.

However, the most important piece of evidence is the exhibit—the book involved.

It is the carefully considered opinion of this court that this book, judged by the measuring stick of the *Roth case*, has a dominant theme of its material taken as a whole, applying contemporary community standards, which appeals to the prurient interest. We cannot see how any other conclusion could be drawn, after reading the book.

A further objection is registered as to the seizure and destruction of all copies of this book in Mahoning County. Such procedure has long been recognized and is well set forth in *Kingsley Books, Inc.,* v. *Brown*, 354 U. S., 436.

Final judgment of injunction is rendered in favor of the plaintiff, and a provision of such judgment is that the defend-

ants surrender to the sheriff of the county all copies of the aforesaid book, and the sheriff is directed to seize and destroy the same.

*Judgment accordingly.*

BROWN, P. J., and GRIFFITH, J., concur.