494 A.2d 947

## LUCKY NED PEPPER'S LTD.

v.

## COLUMBIA PARK AND RECREATION ASSOCIATION.

No. 1508, Sept. Term, 1984.

Court of Special Appeals of Maryland.

July 10, 1985.

224

Thomas A. Garland, Ellicott City, for appellant.

Francis B. Burch, Jr., Baltimore (David H. Bamberger and Pamela A. Loya, Baltimore, on brief), for appellee.

Before BISHOP, ADKINS and ALPERT, JJ.

ALPERT, Judge.

Trial by jury has been described as "the only anchor ever yet imagined by man, by which a government can be held to the principles of its constitution."[1] In this appeal we explore the extent to which the right to a jury trial may be curtailed. Because of such curtailment, in this appeal the constitutionality of one of Maryland's rent escrow statutes is challenged. Specifically, appellant challenges Maryland Real Property Code Ann. § 8–118 (1981 Repl.Vol., 1984 Cum.Supp.)[2] which provides, in pertinent part:

> *Rent escrow account in certain landlord-tenant actions.*
>
> (a) *Tenant to pay rents into account.*—In an action under § 8–401, § 8–402, or § 8–402.1 of this article *in which a party prays a jury trial,* the District Court shall enter an order directing the tenant or anyone holding under the tenant to pay all accrued and unpaid rents, and all rents due and as they come due during the pendency of the action, as prescribed in subsection (b) of this section.
>
> (b) *Escrow accounts into which rents to be paid.* —The District Court shall order that the rents to be paid into the registry of an escrow account of:
>
> (1) The clerk of the circuit court; or
>
> (2) If directed by the District Court, an administrative agency of the county which is empowered by local law to hold rents in escrow pending investigation and disposition of complaints by tenants.
>
> (c) *Failure to pay rent.*—In an action under § 8–401, § 8–402, or § 8–402.1 of this article, if the tenant or anyone holding under the tenant fails to pay rent accrued or as it comes due pursuant to the terms of the order, the circuit court, on motion of the landlord and certification

---

1. Thomas Jefferson, *Letter to Thomas Paine* (1789).

2. Unless otherwise specified, all statutory references are to Md. Real Prop.Code Ann. (1981 Repl.Vol., 1984 Cum.Supp.).

of the clerk or agency of the status of the account, shall give judgment in favor of the landlord and issue a warrant for possession.

(emphasis added).

## FACTS

The appellant is Lucky Ned Pepper's, Ltd. ("Lucky Ned"), a tenant of appellee, Columbia Park and Recreation Association. Lucky Ned operates the bar and restaurant at the Allview Golf Course in Howard County, Maryland. This appeal arises out of appellee's suit filed in the District Court of Maryland for Howard County requesting possession of and accrued rent on the area of the golf course clubhouse occupied by appellant.

The action was filed under § 8–401 of the Real Property Code, providing for summary eviction proceedings based upon a tenant's failure to pay rent. At the scheduled trial date, July 9, 1984, appellant prayed a jury trial. Following the prayer for jury trial, the District Court (through appellee's counsel) requested that appellant show cause within two (2) days, as to why appellant ought not be ordered to pay, into escrow, accrued rents on the property pursuant to § 8–118(a) of the Real Property Code. On July 10th appellant responded, by letter, to the judge's request, indicating that § 8–118 ought not be applied in this case because (1) it is unconstitutional and (2) "the amount claimed [by appellee] is a shameful fraud." Finally, appellant's counsel requested "to be heard in order to lay bare the fraudulent Statement of Claim."

On July 11th, apparently without ever having seen appellant's correspondence of July 10th, the district court judge ordered appellant to pay $6,710.66 into escrow. This sum represents the amount allegedly owed by appellant, exclusive of late charges and attorney's fees, as sworn to in appellee's original statement of claim. Appellant was also ordered to pay into escrow future rents as they became due. Appellant was given two days to comply with this order.

Pursuant to the prayer for jury trial, this case reached the Circuit Court for Howard County on July 16, 1983.

In the meantime, appellant paid no money into escrow and on July 19th promptly moved to strike the district court's July 11th order. The motion was based upon three grounds: (1) that § 8–118 of the Real Property Code was unconstitutional; (2) that even if constitutional, § 8–118 did not apply; and (3) that the amount of rent claimed by appellee was fraudulent. Appellant also requested a hearing on this motion.

In September, appellee moved for judgment against appellant pursuant to § 8–118(c) which provides that "[i]n an action under § 8–401 ... if the tenant ... fails to pay rent accrued or as it becomes due pursuant to the terms of the order, the circuit court, on motion of the landlord, ... shall give judgment in favor of the landlord...." Appellee also requested a hearing on this motion.

On November 11, 1984, the Circuit Court for Howard County heard arguments on the pending motions including appellant's motion to strike the escrow order. At the hearing appellant again claimed that § 8–118 was unconstitutional and that, in any event, it was denied due process by the district court's failure to afford him a hearing prior to its July 11th order.

From the bench, the circuit court judge ruled that § 8–118 was constitutional and that appellant was not denied due process by virtue of the July 11th order. He then granted appellee's motion for judgment which included all rents that had accrued as of the district court proceeding plus rents that were accruing and had accrued to October 20, 1984, a total of $9,210.66. He denied appellant's motion to strike the district court order. Orders to this effect were filed on November 8, 1984, and November 13, 1984, respectively. An appeal was taken November 8, 1984.[3]

---

3. Appellant's appeal was filed five days *before* the filing of the order denying its motion to strike. It is from the date the order is filed that

## I.

Section 8-118 of the Real Property Code is alleged to be repugnant to articles 23 and 24 of the Maryland Declaration of Rights. These articles provide:

Article 23:

The right of trial by Jury of all issues of fact in civil proceedings in the several courts of law in this State, where the amount in controversy exceeds the sum of five hundred dollars, shall be inviolably preserved.

Article 24:

That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property but by the judgment of his peers, or by the Law of the Land.

Specifically, appellant argues: (1) that § 8-118 interferes with the exercise of one's right to a jury trial, and (2) that subsections (a) and (c) of § 8-118 violate one's due process rights because they provide for the payment of money and entry of a judgment without providing for a hearing.

## II.

### A. *Interference with Jury Trial Right*

"Before a statute may be declared unconstitutional 'its repugnancy to the provisions or necessary implications of the Constitution should be manifest and free from all rea-

---

an appeal must be taken, not from the date the judge ruled from the bench. *See Director of Finance, Prince George's County v. Cole,* 296 Md. 607, 614, 465 A.2d 450 (1983). Notwithstanding this premature appeal from the motion to strike, however, we reach appellant's allegations (1) that § 8-118 is unconstitutional and (2) that it was denied due process by the district court order. We reach the latter under the appeal from the granting of appellee's motion for judgment because if the original district court order is invalid, judgment could not be granted merely because appellant failed to comply with the order. *See Shapiro v. Ryan,* 233 Md. 82, 86, 195 A.2d 596 (1963); *Rosenbloom v. Electric Motor Repair,* 31 Md.App. 711, 715, 358 A.2d 617 (1976).

sonable doubt.'" *Att'y Gen'l v. Johnson,* 282 Md. 274, 281, 385 A.2d 57 (1978) (quoting *Baltimore v. State,* 15 Md. 376, 475 (1860)). In this appeal it is alleged that § 8–118 is repugnant to Article 23 of the Maryland Declaration of Rights because (1) it impermissibly encroaches upon the function of a jury and (2) it places a premium upon the exercise of the right to a civil jury trial.

■ While the right to trial by jury in civil actions remains inviolate in this State, it does so only to the extent that it existed at common law. *See Knee v. Baltimore City Passenger Ry. Co.,* 87 Md. 623, 40 A. 890 (1898). Consequently, we must carefully scrutinize any curtailment of that right. The Court of Appeals has already recognized that the right may be subject to reasonable regulations. *See Bringe v. Collins,* 274 Md. 338, 335 A.2d 670 (1975). Our task, therefore, is to decide if § 8–118 is a reasonable regulation of this right.

Appellant suggests it is an unreasonable one because it "obliterates the ultimate function of the jury and renders the Constitution inoperable." Specifically, appellant complains that if the district court orders an escrow payment of accrued and unpaid rents due, it requires a predetermination of the ultimate issue committed to a circuit court jury, *i.e.,* what money is owed the landlord. Additionally, appellant asserts that § 8–118 unreasonably requires a party praying a jury trial to pay for the exercise of this right.

■ Initially, we observe that under § 8–118 the district court may order an escrow of past due (accrued) rents and future (accruing) rents. Inasmuch as the statute contemplates two separate orders we may hold the statute only partially unconstitutional. In that case those portions which are unconstitutional are without legal effect and may be severed from the remaining constitutional portions. *See Turner v. State,* 299 Md. 565, 474 A.2d 1297 (1984). There is a presumption that, "even in the absence of an express clause or declaration, that a legislative body generally intends its enactments to be severed if possible." *Turner,*

299 Md. at 576, 474 A.2d 1297. Unless excision of the unconstitutional portion of a statute renders the same meaningless or there is evidence of a legislative intent not to sever, we will infer severability. *See Turner v. State,* 299 Md. 565, 474 A.2d 1297 (1984) (legislative intent); *Davidson v. Miller,* 276 Md. 54, 83, 344 A.2d 422 (1975).

In the case *sub judice* we find no legislative intent to preclude severance of the statute at issue, § 8–118. Nor do we believe that the two orders are so intertwined that the statute becomes meaningless if only one is deemed an unconstitutional infringement of the right to a jury trial. Therefore, we will address the constitutionality of these orders separately.

### Past Due (Accrued) Rents

■ We agree with appellant that this statute, to the extent that it provides for an escrow of past due rents, amounts to more than merely a reasonable regulation of one's right to a jury trial. We believe that it interferes with this right to the extent that the right becomes meaningless. We explain.

Requiring the tenant to escrow "all accrued and unpaid rents and all rents due" presupposes a determination that the money is owed. "The word *due* always imports a fixed and settled obligation or liability...." *Black's Law Dictionary* (5th ed. 1979) p. 448 (emphasis added). Section 8–118 permits the district court, *ex parte* and without constraints, to order an escrow of accrued and unpaid rent. This necessarily requires the court to determine what money is owed to the landlord as of the time the jury trial is prayed. That unfettered and unconditional determination requires a factual finding which impermissibly encroaches upon the function of the jury.

Moreover, the practical effect of a district court order, under § 8–118, is to require that a party prepay any possible judgment in order to obtain a jury trial. This places a premium on the exercise of this right in the context of

landlord-tenant action. While no other jurisdiction has so encumbered a civil litigant's right to a jury trial,[4] we believe

---

**4.** Our research has uncovered numerous limitations on the right to a jury trial, none of which, however, are analogous to the limitation imposed by the statute at issue. *See, e.g., In Re Peterson,* 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919 (1920) (court order appointing auditor and providing that audit could be used as prima facie evidence is not an infringement of one's right to a jury trial); *Slocum v. New York Life Ins. Co.,* 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879 (1913) (a judgment notwithstanding the verdict ruling does not deny one a jury trial); *New York Life Ins. Co. v. London,* 15 F.Supp. 586 (D.Mass.1936) (declaratory judgment act does not deprive one of right to a jury trial); *State Tax Comm'n v. Stanley,* 234 Ala. 66, 173 So. 609 (1937) (statute providing that party charged with violating stamp tax laws must demand a trial within 10 days did not violate one's right to a jury trial); *People v. Hickman,* 204 Cal. 470, 268 P. 909 (1928) (statute which permits defendant to plead guilty yet preserves to him the right to have a jury determine punishment because of insanity in no way deprives him of his right to a jury trial); *Vaughan v. Veasey,* 50 Del. (11 Terry) 133, 125 A.2d 251 (1956) (statute which provides that *court* make certain determinations does not deny one's right to a jury trial); *Metropolitan Casualty Ins. Co. v. Hahn,* 165 Ga. 667, 142 S.E. 121 (1928) (not a violation of one's right to a jury trial to try Workmen's Compensation cases without one); *People v. Falk,* 310 Ill. 282, 141 N.E. 719 (1923) (statute providing that illegal possession of liquor is prima facie evidence of violation of liquor control laws is not a violation of one's right to a jury trial); *Stephens v. Kaster,* 383 Ill. 127, 48 N.E.2d 508 (1943) (statute requiring written demand for a jury trial not violation of one's right to a jury); *State v. Marion Circuit Court, Marion Co.,* 235 Ind. 226, 132 N.E.2d 703 (1956) (requiring that defendant give bail for appearance at jury trial is not an unreasonable regulation of the right to a jury); *Schloemer v. Uhlenhopp,* 237 Iowa 279, 21 N.W.2d 457 (1946) (rule requiring litigants to demand jury trial in civil cases does not deprive parties of the right to trial by jury); *Bettum v. Montgomery Federal Savings and Loan Assoc., Inc.,* 262 Md. 360, 277 A.2d 600 (1971) (rule requiring affirmative election of a jury trial is not an unreasonable limitation of the right to a jury); *Fratantonio v. Atlantic Refining Co.,* 297 Mass. 21, 8 N.E.2d 168 (1937) (statute referring case to auditors first is a valid regulation of the right to trial by jury); *H.K. Webster Co. v. Mann,* 269 Mass. 381, 169 N.E. 151 (1929) (statute requiring the filing of an affidavit or the posting of a bond in order to remove a case for jury trial does not violate one's right to a jury trial); *City of Dearborn v. Michigan Turnpike Authority,* 344 Mich. 37, 73 N.W.2d 544 (1955) (not violation of one's right to a jury trial to conduct condemnation proceeding without a jury); *City of Jackson v. Clark,* 152 Miss. 731, 118 So. 350 (1928) (not unconstitutional to require demand for a jury trial to be made upon filing of plea or answer); *State v. Griffin,* 66 N.H. 326, 29 A. 414 (1890) (requiring appellant to pay fees does not infringe upon the constitutional right to

that requiring such a premium for the exercise of one's right to a jury trial is unreasonable. We realize that the legitimate purpose of summary eviction proceedings, *i.e.*, accelerated relief, is often frustrated by a prayer for jury trial. We believe, however, that requiring an escrow of past due rents provides a secure fund for the landlord, something to which neither he nor any other litigant is otherwise entitled and something which far exceeds previously defined "reasonable regulation" of the right to a jury trial.

The "reasonable regulation" said to be constitutional in *Bringe v. Collins* was a mere procedural rule (former M.D.R. 343) requiring timely election of a jury trial. That rule, clearly designed to foster efficient judicial administration, imposed no financial burden on anyone seeking a jury trial, and only a minimal procedural one. This is not to say that monetary conditions may never be attached to exercise of the jury trial right. *Knee v. Baltimore City Passenger Ry. Co.*, for example, upheld the constitutionality of the payment of court costs as a condition precedent to jury trial. 87 Md. at 624–27, 40 A. 890. *And see, Application of Harvey A. Smith*, 381 Pa. 223, 112 A.2d 625 (1955) and cases therein cited (State may constitutionally require a party praying civil jury trial to pay fees incurred as a result of jury request). But, in the latter cases the amounts involved were minor and the purposes of the requirements were related to court administration. We also note that on

a jury trial); *Comiskey v. Arlen*, 55 A.D.2d 304, 390 N.Y.S.2d 122 (Sup.Ct.N.Y.1976) (admission of medical arbitration board decision during subsequent jury trial does not impair constitutional right to a jury trial); *General Ins. Co. of America v. Goldstein*, 182 Misc. 419, 45 N.Y.S.2d 570 (N.Y.Sup.Ct.1943) (statute permitting class action suits does not deprive parties of a right to trial by jury); *State ex rel. Beil v. Mahoning Valley Distributing Agency, Inc.*, 116 Ohio App. 57, 186 N.E.2d 631 (1962) (statute not providing for jury trial on appeal not unconstitutional); *State v. Leese*, 102 Ohio App. 416, 143 N.E.2d 860 (1956) (can require written jury trial demand, even in criminal cases); *Mandeville, Brooks and Chaffee v. Fritz*, 50 R.I. 513, 149 A. 859 (1930) (can require that demand for a jury trial be filed by certain time). *See also* 47 Am.Jur.2d, *Jury* § 12 (1969); 50 C.J.S. *Juries* § 114 (1947).

one occasion Maryland has held unconstitutional a provision imposing a monetary condition on the exercise of a constitutional right. *Barnes v. Meleski,* 211 Md. 182, 126 A.2d 599 (1956) (unconstitutional to require payment of court costs as prerequisite to exercise of former absolute right to removal in civil cases).

In any event, the question is as to the reasonableness of the regulation. As to the issue immediately before us (accrued and unpaid rents), the price is exorbitant. It is, indeed, a different situation where, as here, the price to be paid makes the right practically unavailable. Under § 8–118, a tenant, wishing a jury trial, can be ordered to prepay what amounts to all monies allegedly owed; this is not the same as requiring that same party to pay the additional costs attendant on a jury trial. The payment, in the former instance, becomes a premium on the exercise of one's inviolate right to a civil jury.

Consequently, because the statute requires a predetermination of the amount owed and because it places a premium on the exercise of one's right to a civil jury, we believe that § 8–118, to the extent that it provides for the payment of past due (accrued) rents into escrow, is an unreasonable, and, therefore, unconstitutional interference with that right.

### Future (Accruing) Rents

■ We do not suggest, however, that a statutory provision requiring the escrowing of rents as they become payable during the pendency of a jury trial is likewise unconstitutional. We observe that in *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the Supreme Court of the United States, addressing the constitutionality of Oregon's summary eviction statutes, noted that

[t]here are unique factual and legal characteristics of the landlord-tenant relationship that justify special statutory treatment inapplicable to other litigants. The tenant is, by definition, in possession of the property of the landlord; unless a judicially supervised mechanism is provided

for what would otherwise be swift repossession by the landlord himself, the tenant would be able to deny the landlord the rights of income incident to ownership by refusing to pay rent and by preventing sale or rental to someone else. Many expenses of the landlord continue to accrue whether a tenant pays his rent or not. Speedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property.

*Id.* at 72–73, 92 S.Ct. at 873–74. In observing that a request for a continuance under Oregon's statute would make it impossible for the courts to provide quick relief, the Supreme Court held that there was "no constitutional barrier to Oregon's insistence that the tenant provide for accruing rent pending judicial settlement of his disputes with the lessor." *Id.* at 67, 92 S.Ct. at 871. In the case *sub judice* a tenant's request for a jury trial, like a request for a continuance, makes it impossible to provide a lessor with quick relief. Therefore, we believe that if a tenant is to remain in possession of the landlord's property, pending resolution of a jury trial, it is not unreasonable to request that the tenant pay for the privilege of remaining on the landlord's premises.

Unlike requiring an escrow of past due (accrued) rents, an escrow of future (accruing) rents, as they become payable, is not tantamount to paying for the privilege of exercising the right to a civil jury. In the latter instance the escrow fund represents money the tenant must pay in order to remain on the premises pending the jury trial. Section 8–118, to the extent it provides for the payment of future (accruing) rents into escrow, therefore, is a reasonable and, hence, constitutional regulation of one's right to a jury trial.

### B. *Due Process*

Appellant argues that § 8–118, even if a constitutional regulation of one's right to a jury trial, denies it procedural

due process in that no hearing is provided in connection with the district court's escrow order. Because we hold that § 8–118, to the extent it requires an escrow of past due (accrued) rents, is substantively unconstitutional under Art. 23 of the Maryland Declaration of Rights, we need address appellant's procedural due process contentions only in connection with an order to escrow future (accruing) rents.

### Due Process—Future (Accruing) Rents

■ Appellant suggests, and we agree, that Article 24 of the Maryland Declaration of Rights, along with the Fourteenth Amendment to the United States Constitution, dictates a hearing in connection with a district court order requiring the payment of accruing rents into escrow. *In Dep't of Transportation, Motor Vehicle Administration v. Armacost*, 299 Md. 392, 474 A.2d 191 (1984) the Court of Appeals of Maryland set forth the requirements of procedural due process. There the Court observed that:

the aggrieved party must show that state action has resulted in a deprivation of a property interest within the meaning of the due process clause. Once deprivation of a property interest is demonstrated, the court must ascertain what procedures are constitutionally required before an individual may be deprived of a protected property interest.... [D]ue process is flexible and calls only for such procedural protections as the particular situation demands.... Therefore, determination of what is required must be made by balancing the private and government interests affected.... [T]he Supreme Court [has] set forth the appropriate factors: '... [I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative

burdens that the additional or substitute procedural requirement would entail.'

*Id.* at 416–17, 474 A.2d 191 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976)).

■ In the case *sub judice* appellant contends and we agree that invoking the court's authority to order escrow payments would involve "state action" resulting in "a deprivation of a property interest within the meaning of the due process clause." *Id.,* 299 Md. at 416, 474 A.2d 191. Consequently, some procedures would be necessary to protect the interests of a tenant electing a jury trial.

Our courts have repeatedly looked to the Fourteenth Amendment for guidance in this area. *See Barry Properties, Inc. v. Fick Bros. Roofing Co.,* 277 Md. 15, 22, 353 A.2d 222 (1976). To this end, we believe that Supreme Court cases concerning the constitutionality of prejudgment seizures are particularly instructive.

The Supreme Court has generally held, with some exceptions and limitations, that due process requires "an opportunity for an adversary type hearing before a person can be even *temporarily* deprived of any possessory interest in personalty." *Barry Properties,* 277 Md. at 26, 353 A.2d 222 (citing *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)). One such limitation upon the necessity for a pre-forfeiture hearing was addressed by the Supreme Court in *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). In *Mitchell* the Court addressed the constitutionality of a Louisiana statute which provided for the sequestration of personal property, pending the outcome of a suit for accrued payments on the property. Under the statute, a seller, who had a vendor's lien on the goods sold, would request a writ for sequestration of the goods and submit an affidavit setting forth specific facts giving rise to the claim, its nature and the amount thereof. A judge would then issue the writ if a clear showing had been made and the "creditors seeking the

writ ha[d] filed a sufficient bond to protect the [debtor] against all damages in the event the sequestration is shown to have been improvident." *Id.* at 606, 94 S.Ct. at 1899 (footnotes omitted). Although the Louisiana statute provided no pre-sequestration hearing, the statute did entitle the debtor "immediately to seek dissolution of the writ, which must be ordered unless the creditor 'proves the grounds upon which the writ was issued,' the existence of the debt, lien, and delinquency, failing which the court may order return of the property and assess damages in favor of the debtor, including attorney's fees." *Id.*

The Court held this statute constitutional. In so doing the Court observed that the statute was aimed at protecting the dual interests of the creditor and the debtor in the property to be seized. It noted that "[t]he danger of destruction cannot be guarded against if notice and a hearing before seizure are supplied." *Id.* at 609, 94 S.Ct. at 1901. Nonetheless, it observed, the statute provides that "the debtor may immediately have a full hearing on the matter of possession following the execution of the writ, thus cutting to a bare minimum the time of creditor-or-court-supervised possession." *Id.*

This final provision was significant in upholding the constitutionality of the Louisiana statute. For example, in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) the Supreme Court declared unconstitutional prejudgment replevin statutes of Florida and Pennsylvania. The statutes provided for the seizure upon the issuance of a writ. The writ was issued by a court clerk upon the application of anyone asserting an interest in the property to be replevied and the posting of a bond. Neither statute provided for notice or a hearing prior to or shortly after the seizure. Similarly, in *Snaidach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) the Court struck down, as unconstitutional, a Wisconsin statute which permitted the prejudgment garnishment of wages. The statute allowed a creditor to freeze the wages of an alleged debtor without any form of notice or hearing prior to the

garnishment. The statute was also unclear as to whether the alleged debtor had any immediate remedy by virtue of a post-garnishment hearing.

Again, in *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), the Court held unconstitutional a series of Georgia statutes which permitted prejudgment garnishment of a defendant's bank account. There, the writ of attachment was issued upon the affidavit of a plaintiff stating the amount claimed to be due in the related action and "that [the plaintiff] has reason to apprehend the loss of the same or some part thereof unless process of garnishment shall issue." *Id.* at 602–03, 95 S.Ct. at 721 (quoting Ga.Code Ann. § 46.102). The statutes, however, did not provide for an expedited hearing either on the main case or the garnishment before or shortly after attachment.

Implicit in the Court's upholding of the Louisiana statute in *Mitchell* and striking of the Pennsylvania and Florida statutes in *Fuentes*, the Georgia statute in *North Georgia Finishing* and the Wisconsin statute in *Snaidach* is the recognition that none of the latter statutes had the "saving characteristics of the Louisiana statute." *North Georgia*, 419 U.S. at 607, 95 S.Ct. at 722. "There [was] no provision for an early hearing at which the creditor would be required to demonstrate at least probable cause for the [attachment]." *Id.* at 607, 95 S.Ct. at 723.

■ Consequently, because some sort of hearing is necessary, the statute, to the extent that it provides for the escrowing of accruing rents, must provide at least the opportunity for a hearing in order to be constitutionally acceptable. We believe that it does. Eliminating the unconstitutional portions, subsection (a) of the statute provides for a district court order requiring the payment of future (accruing) rents into escrow. The statute's only sanction for a tenant's failure to make the escrow payment appears in subsection (c) and must be invoked by a landlord who moves for judgment.

It is apparent that subsection (c) does not expressly provide for a hearing. We believe, however, that this subsection when read in connection with Maryland Rule 2–311(f), which prohibits "a decision dispositive of a claim or defense without a hearing", provides a tenant with a sufficient opportunity for a hearing.

If a tenant disputes the district court's escrow order, the tenant may elect not to comply with it. There is no automatic, self-executing sanction for such noncompliance; the tenant becomes directly at risk only when the landlord moves for judgment. Upon such a motion, however, the tenant may request a hearing in order to dispute the validity or terms of the district court's escrow order or raise any other defense to his alleged noncompliance. At that hearing the landlord must show that the escrow order is valid and that the tenant, without legal justification, has failed to comply with it. If the landlord fails to make such a showing the circuit court must deny the motion for judgment and hold the case for trial by jury.

The circuit court, however, may determine that the landlord has sustained this burden and shown (1) that the escrow order is valid and (2) that the tenant, without cause, has failed to comply with the district court's order. In this instance the court may treat the tenant's prayer for jury trial as waived and can, at that juncture, either conduct a hearing on the merits of the landlord's claim or set the matter for future non-jury trial.[5]

We believe that this procedure contains the same saving characteristics implicit in the Supreme Court's *Mitchell* decision and sufficiently protects the tenant's procedural due process rights. If the tenant disputes the order he

---

5. It may well be, in some cases, that the issues raised with respect to the escrow order are the same as those raised with respect to the underlying controversy and that the court's resolution of those issues in the former context will, in effect, resolve the latter. In that event, a second proceeding may be unnecessary; based upon its findings, the court could simply proceed to enter judgment.

need not part with any property interest until he is afforded a hearing vis-a-vis the landlord's motion for judgment.

## III.

■ Finally, appellant also asserts that no statute can provide for the district court's jurisdiction to order escrow payments because the "court [is] divested of jurisdiction 'immediately' upon the filing of the jury trial demand." We disagree.

We are cognizant of the Court of Appeals decision in *Vogel v. Grant*, 300 Md. 690, 481 A.2d 186 (1984) wherein the Court stated: "The demand itself divests the district court of jurisdiction as a matter of law and immediately vests jurisdiction in the circuit court." *Id.* at 696, 481 A.2d 186; *See also Huebner v. District Court of Maryland*, 62 Md.App. 462, 490 A.2d 266 (1985). We believe, however, that if the legislature intends to extend to the district court jurisdiction in such cases, it may so provide. *See* Md.Cts. & Jud.Proc.Code Ann. § 4–402(e)(2) (1984). *See also* 1985 Laws of Maryland, Chapter 3.

■ We note that the precurser to § 8–118 provided for an automatic payment of the accrued rents into escrow. The legislature, in 1983, specifically amended this section to provide for the issuance of an order by the district court. 1983 Laws of Maryland ch. 161. Inasmuch as the legislature is presumed to act with the knowledge of existing law, *see City of Baltimore v. Hackley*, 300 Md. 277, 283, 477 A.2d 1174 (1984), we believe that the 1983 changes in § 8–118 reflected a legislative intent to grant to the district court jurisdiction over the entry of an escrow order upon a prayer for a jury trial.

## IV. *Conclusion*

To summarize, we hold

(1) that subsection (a) of § 8–118, to the extent that it provides for payment of past due rent into escrow, is an unconstitutional infringement of one's right to a civil

jury trial because it places a premium on the exercise of that right;

(2) that subsection (a) of § 8–118, to the extent that it provides for the payment of accruing (future) rents into escrow is constitutional as we do not believe it unreasonable to require the tenant to pay for his use of the landlord's premises pending the civil jury trial;

(3) that § 8–118, to the extent that it is constitutional regulation of the right to a civil jury trial, comports with due process because subsection (c), when read in conjunction with Maryland Rule 2–311(f), provides the tenant with the opportunity for a hearing prior to requiring an escrow of the disputed funds; and

(4) that the district court has jurisdiction to order the escrow payment notwithstanding the prayer for jury trial.

JUDGMENT VACATED; CASE REMANDED TO CIRCUIT COURT FOR HOWARD COUNTY FOR HEARING ON MOTION FOR JUDGMENT AND FOR SUCH OTHER AND FURTHER PROCEEDINGS THAT ARE CONSISTENT WITH THIS OPINION; ½ COSTS TO BE PAID BY APPELLEE; ½ COSTS TO BE PAID BY APPELLANT.