549 A.2d 770

**Janie HARRIS**

v.

**HOUSING AUTHORITY OF BALTIMORE CITY.**

No. 201, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Nov. 7, 1988.

Gregory Leo Countess, Baltimore, for appellant.

Deborah Farmer Minot (Sally B. Gold and Hylton & Gonzales, on the brief), Baltimore, for appellee.

Argued before MOYLAN, WENNER and POLLITT, JJ.

WENNER, Judge.

Appellant, Janie Harris, urges us to reverse a judgment of the Circuit Court for Baltimore City, which denied her the right to a jury trial and awarded appellee, The Housing Authority of Baltimore City, possession of the premises at 827 Seagull Avenue, Baltimore, Maryland. Specifically, appellant complains that:

I.   The trial court erred in holding that she had waived her right to a jury trial.

II.  The trial court denied her the opportunity to litigate appellee's claim by summarily entering judgment on appellee's motion for judgment and warrant of possession.

On the one hand, we shall hold that the circuit court correctly held that appellant had waived her right to a jury trial. On the other hand, we shall vacate the circuit court's order for judgment and warrant of possession in favor of the appellee and remand the case for a hearing on the merits of the underlying dispute between the parties.

## Background

Appellant occupied the premises at 827 Seagull Avenue pursuant to a lease between herself and appellee.[1] Believ-

---

1. The Housing Authority of Baltimore City is a federally funded public housing authority duly organized under the laws of the State of Maryland. Maryland Ann.Code (1957, 1986 Repl.Vol., 1987 Cum. Sup.), Art. 44A, § 8B.

ing that appellant was permitting her son to sell drugs from the premises, appellee notified her that it was terminating the lease as of April 30, 1986. When appellant failed to vacate by that date, appellee filed a tenant holding over/breach of lease action in the District Court for Baltimore City. When the case was called for trial in the District Court, appellant requested a jury trial. The district court judge, pursuant to Ann.Code of Md. *Real Property* § 8–118, ordered appellant, pending trial, to pay rent into an escrow account[2] before the sixth (6th) day of each month,[3] and forwarded the case to the circuit court for trial.

The record reflects that appellant was consistently late with her rent escrow payments and otherwise failed to comply with the term of the rent escrow order. As a result, appellee moved for judgment and possession of the premises pursuant to § 8–118(c). (*See note* 2.) Appellee's motion was heard by a judge in the Circuit Court for Baltimore City. The judge found that appellant had waived her right to a jury trial by failing to comply with a valid rent escrow order. The judge then scheduled a bench trial on the merits of the underlying dispute between the parties.

At that trial, the judge concluded that, inasmuch as appellant had failed to comply with the valid rent escrow

---

**2.** Section 8–118 provides, in part,

    (a) *Tenant to pay rents into account.*—In an action under § 8–401, § 8–402, or § 8–402.1 of this article in which a party prays a jury trial, the District Court shall enter an order directing the tenant or anyone holding under the tenant to pay all accrued and unpaid rents, and all rents due and as they come due during the pendency of the action, as prescribed in subsection (b) of this section.

    (c) *Failure to pay rent.*—In an action under § 8–401, § 8–402, or § 402.1 of this article, if the tenant or anyone holding under the tenant fails to pay rent accrued or as it comes due pursuant to the terms of the order, the circuit court, on motion of the landlord and certification of the clerk or agency of the status of the account, shall give judgment in favor of the landlord and issue a warrant for possession.

**3.** A series of stipulations was entered into, evidencing, among other things, an agreement between the parties setting the monthly escrow payments at $134.

order, and despite our decision in *Lucky Ned Pepper's Limited v. Columbia Park Recreation Association*, 64 Md.App. 222, 494 A.2d 947 (1985), § 8–118(c) required him to award a judgment and possession of the premises to appellee without hearing the merits of the underlying dispute between the parties. And, as we have noted, after such an order was entered, this appeal ensued.

## I.

Initially, appellant contends that, because she had legal justification for failing fully to comply with the rent escrow order, the trial judge erroneously concluded that she had waived her right to a jury trial. We see it otherwise.

## A.

At the outset, we note that a civil litigant's right to a jury trial is not protected by the Seventh and Fourteenth Amendments of the United States Constitution, but rather is guaranteed by Article 23 of the Maryland Declaration of Rights.[4] *Bringe v. Collins*, 274 Md. 338, 344–45, 335 A.2d 670, *application for stay of execution denied*, 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 475 (1975); Md.Code Ann. *Courts and Judicial Proceedings* (1984 Repl.Vol.1988 Cum.Sup) § 4–402(e). Nevertheless, Maryland Courts have frequently recognized that the right to a jury trial is not inviolate, and may be waived by non-compliance with reasonable statutory regulations and rules. *Bringe, supra*, 274 Md. at 347, 335 A.2d 670; *Houston v. Lloyds*, 241 Md. 10, 215 A.2d 192 (1965) (right to a jury trial not violated by rule requiring a timely, affirmative written election), *see also Bettum v. Montgomery Federal Savings and Loan*

---

4. Article 23 of the Maryland Declaration of Rights provides in relevant part that: "[t]he right of trial by jury of all issues of fact in civil proceedings in the several courts of law of this State, where the amount in controversy exceeds the sum of five hundred dollars shall be inviolably preserved."

*Association, Inc.,* 262 Md. 360, 277 A.2d 600 (1971); *Thompson v. Giordano,* 16 Md.App. 264, 295 A.2d 881 (1972); *Fallon v. Agency Rent–A–Car System, et al.,* 268 Md. 585, 303 A.2d 387 (1973) (party waived his right to a jury trial by failure to make a timely request); *Maryland Community Developers, Inc. v. State Roads Commission of Maryland,* 261 Md. 205, 274 A.2d 641, *appeal dismissed,* 404 U.S. 803, 92 S.Ct. 62, 30 L.Ed.2d 35 (1971) (reasonable regulation in the matter of court administration not unconstitutional).

■ We are of course aware that the various "reasonable regulations" curtailing the right to a jury trial that Maryland courts have consistently upheld are to a great extent procedural rules. However that may be, there is authority for imposing reasonable financial burdens on a party seeking a jury trial. For example, in *Knee v. Baltimore City Passenger Ry Co.,* 87 Md. 623, 40 A. 890 (1898), the Court held constitutional the requirement that court costs be paid as "a condition precedent to a jury trial." *See also, Lucky Ned Pepper's, supra.* Similarly, we recently held the provisions of § 8–118 requiring payment of future rents into escrow upon a prayer for a jury trial in certain summary eviction proceedings to be constitutional. *Id.* Nonetheless, the focus of the ultimate inquiry is upon the reasonableness of the regulation. *Id.* 64 Md.App. at 233, 494 A.2d 947.

In the case *sub judice,* as did the tenant in *Lucky Ned Pepper's,* appellant remained on the leased premises during the pendency of the jury trial. As we pointed out in *Lucky Ned Pepper's,* under these and similar circumstances, the accelerated relief afforded landlords by repossession statutes is easily frustrated by a prayer for a jury trial. *Id.* at 232, 497 A.2d 947. In this regard, we said that the clear import of § 8–118 was to ensure a ready fund for disbursement if the landlord prevails on his claim, and we went on to say that it was not unreasonable "to request the tenant pay for the privilege of remaining on the landlord's premis-

es [pending resolution of a jury trial]." *Id.* at 234, 497 A.2d 947.

Of course, as to whether a tenant has complied with a rent escrow order, the language of § 8–118 is clear. Section 8–118(c) makes clear that the court is the final arbiter. In *Lucky Ned Pepper's, supra,* we said that upon a showing by the landlord that (1) an escrow order is valid, and (2) a tenant, without legal justification, has failed to comply with the order, a court "may treat the tenant's prayer for a jury trial as waived." The record in the case *sub judice* reflects that the trial judge conducted a hearing on appellee's motion for judgment, and found the escrow order valid and appellant's failure to comply unjustified. Accordingly, we hold that the trial judge did not err in holding that appellant had waived her right to a jury trial.

### B.

■ Before we take up appellant's second complaint, however, we shall deal with her explanation of why the trial judge should have forgiven her failure to comply fully with the rent escrow order. Specifically, appellant contends that section 2 of her lease which allows for the late payment of rent in "hardship circumstances"[5] is sufficient to justify her failure to comply fully with the rent escrow order. We disagree.

The rent escrow order did not incorporate the terms of appellant's lease. Rather, by stipulation of the parties, the rent escrow order provided that appellant's rent was to be paid "no later than the sixth (6th) day of each month." Moreover, the remedial language of § 8–118(c) comes into play when a tenant fails to pay rent "as it comes due

---

5. Appellant testified she was unemployed and under doctor's care beginning January of 1987. She later resumed work, but stopped shortly thereafter to remain at home with a sick grandchild. Appellant said she had to borrow money to meet her monthly rent obligations.

pursuant to the terms of the order." And, as we have already said, appellant stipulated that her rent was to be paid into the rent escrow account no later than the sixth (6th) of each month.[6]

## II.

■ Appellant also complains that she was denied the opportunity to litigate fully the merits of her underlying dispute with appellee when the trial judge summarily granted appellee judgment and possession following the hearing on the validity of the escrow order. According to the record, after beginning a hearing on the merits of the underlying dispute between the parties, the trial judge reconsidered and granted appellee judgment and a possession order because he felt that the language of § 8–118(c) gave him no choice. In making that determination, the trial judge erred.

The provisions of § 8–118 are applicable to actions under §§ 8–401, 8–402, and 8–402.1. Consequently, it is necessary to read those sections together. In that regard, we find *Green v. Copperstone Limited Partnership,* 28 Md.App. 498, 346 A.2d 686 (1975), to be instructive. In *Green,* an action involving a tenant holding over, we held that "due

---

6. Even if we assume, arguendo, that the lease was somehow incorporated into the rent escrow order, its terms do not lend support to appellant's position. Paragraph 2 of the Lease provides:

In the event of an inability to pay a given month's rent and/or other charges by the due date, and upon notification to management by the fifth day of the month of hardship circumstances pertaining to income and expenses, or as soon as possible in cases of emergency, management may extend payment to a specified date, provided there is written agreement by and between the two parties.

There is no evidence appellant notified appellee that any of her payments would be late, nor is there evidence she sought leave of the court to excuse her failure to comply fully with the rent escrow order. We also reject appellant's contention that the adversarial relationship between the parties is an "emergency" situation within the meaning of paragraph 2, allowing notification to be delayed until "as soon as possible."

process requires a hearing and proof of good cause for eviction after notice of the grounds upon which eviction is sought." *Id.* at 517, 346 A.2d 686. In *Carroll v. Housing Opportunities Commission*, 306 Md. 515, 510 A.2d 540 (1986), an action by a public housing authority seeking to void a lease and recover possession of rental property, the Court of Appeals said,

> ... numerous cases have held that tenants of federally funded housing projects have a right or entitlement to continued occupancy and may not be evicted without good cause.

*See also Wiggins v. U.S. Dept. of HUD*, 523 F.Supp. 1170 (D.Md.1981). As we see it, a hearing on the validity of an escrow order and whether a tenant has complied with the order, is simply not the equivalent of a trial on the merits of the underlying dispute.

Rather surprisingly, appellee asserts that in *Lucky Ned Pepper's*, we failed to address the question of what happens after a landlord has successfully shown the validity of a disputed rent escrow order and that the tenant has failed to comply with the order. Brief of appellee, pp. 10–11. To the contrary, in *Lucky Ned Pepper's* we specifically pointed out that in such a situation:

> ... the court may treat the tenant's prayer for a jury trial as waived and can, at that juncture, either conduct a hearing on the merits of the landlord's claim or set the matter for future non-jury trial. 64 Md.App. at 239.

In any case, we specifically hold that, although § 8–118(c) does not expressly provide for a hearing, that subsection must be read in conjunction with Maryland Rule 2–311(f) which prohibits "a decision dispositive of a claim or defense without a hearing." Consequently, when, as in the case *sub judice*, the landlord has established the existence of a valid rent escrow and that the tenant has failed to comply with it, the trial judge must conduct a hearing on the merits of the underlying dispute between the parties. We hasten to point

out, of course, as we did in n. 5 of our opinion in *Lucky Ned Pepper's,* that

> It may well be, in some cases, that the issues raised with respect to the escrow order are the same as those raised with respect to the underlying controversy and that the court's resolution of those issues in the former context will, in effect, resolve the latter. In that event, a second proceeding may be unnecessary; based upon its findings, the court could simply proceed to enter judgment.

We stress, however, that judgment entered in that manner should be confined to those instances where the escrow hearing is dispositive of all factual disputes between the parties. Conversely, that procedure should not be followed where, as in the case at hand, the allegations of a material breach of lease provisions have not been litigated.

Appellee points to *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), in support of its assertion that there is no reason to read into § 8–118(c) the necessity of another hearing after it has been shown there is a valid escrow order and the tenant has failed, without legal justification, to comply with it. We believe that appellee's reliance on *Lindsey* is misplaced. In *Lindsey,* the Supreme Court found an Oregon statute which provided for rapid settlement of possession disputes between landlord and tenant to be constitutional. It most assuredly did not hold that it is not necessary to provide a tenant an opportunity to litigate his underlying dispute with the landlord.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.