550 A.2d 422

**GREGORY W. DALLAS, P.C., et al.**

**v.**

**ENVIRONMENTAL HEALTH ASSOCIATES, LTD.**

No. 420, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Dec. 2, 1988.

**352**

Gregory W. Dallas, Denver, Colo. (Paul Bekman and Israelson, Salsbury, Clements & Bekman, on the brief), Baltimore, for appellants.

No Brief or appearance by appellee's counsel.

Submitted before GARRITY, ROSALYN B. BELL and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Gregory W. Dallas, P.C. and Gregory W. Dallas, its president, appellants, appeal from the judgment of the Circuit Court for Baltimore County striking its jury trial demand and remanding the action, filed against them in the District Court of Maryland for Baltimore County, by Envi-

ronmental Health Associates, Ltd., appellee, to that court for trial.[1] They present two issues for our resolution:

1. Does the separate writing requirement of Rule 3–325, Maryland Rules, allow a jury to be stricken and a case returned to District Court when the pleading filed was recognized by all parties as a Jury Demand and no party can show prejudice?

2. Does a plaintiff waive his objection to a Jury Demand in a District Court action where he fails to file a timely motion to Strike in the Circuit Court following the transfer?

Together, these issues challenge the propriety of the trial court's ruling on a motion, captioned in the District Court, filed in the circuit court more than thirty days after the latter court had notified the parties that the case had been docketed in the circuit court. For the reasons that follow, we will reverse.

The facts underlying appellee's action against appellants are not germane to this appeal. Suffice it to say that on August 24, 1987 appellee filed suit in the District Court seeking $5727.25, plus interest, in fees from appellants for work, services, and labor performed at appellants' request. In response, on November 9, 1987, appellants filed a Notice Of Intention To Defend With Motion To Dismiss And Alternative Jury Demand. The demand for jury trial was included within, and was not a separate paper from, the notice. Having received appellants' pleading, appellee filed, on November 16, 1987, Plaintiff's Motion to Strike Jury Trial Demand and Response to Motion to Dismiss. Notwithstanding that appellee requested a hearing, the District Court, without conducting one, by notice to the parties dated November 20, 1987, informed the parties that the case was being transferred to the circuit court for a jury trial

---

1. Appellee has not participated in this appeal; it has neither filed a brief nor appeared at oral argument. Therefore, the appeal must be resolved based upon the brief and argument of appellants.

and, thereafter, the case was so transferred.[2]

With the exception of a copy of the motion to strike the jury trial demand it filed in the District Court, which appellee filed in the circuit court on January 5, 1988, appellee did not file any pleadings in the circuit court. Appellants did not file any pleadings in the circuit court either; when they were made aware that the court intended to hear appellee's motion to strike and the motion to dismiss which they had filed in the District Court,[3] appellants filed Defendant's Memorandum in Response to Motion to Strike Jury Trial Demand and Response to Motion to Dismiss. After a hearing, the court denied appellant's Motion to Dismiss, granted appellee's Motion to Strike Jury Demand, and remanded the case to the district court for trial.

■ We begin our discussion with the recognition that, pursuant to Maryland Courts and Jud.Proc.Code Ann. § 4–402(e)[4], concerning exceptions to the subject matter jurisdiction of the District Court in civil cases, a jury trial demand by a party entitled to a jury trial "... divests the District Court of jurisdiction as a matter of law and immedi-

---

**2.** The District Court file reflects two notations pertinent to when the case was transferred to the circuit court: (1) "11/24/87 transferred to circuit court for a jury trial—defense filed by defendant and (2) "12/1/87 demand for a jury trial sent to circuit court." The circuit court docket entries reflect: (1) "Dec. 1, 1987—defendant's jury trial from district court fd. Notices sent to parties." It thus appears that the case was forwarded to the circuit court some time between November 20 and December 1, 1987.

**3.** Appellants never filed their motion to dismiss in the circuit court. It was, however, a part of the file which the District Court transferred to the circuit court.

**4.** That section provides:
(e) *Jury trial.*—(1) In a civil action in which the amount in controversy exceeds $500, exclusive of attorney's fees if attorney's fees are recoverable by law or contract, a party may demand a jury trial pursuant to the Maryland Rules.
(2) Except in a replevin action, if a party is entitled to and files a timely demand in accordance with the Maryland Rules for a jury trial, jurisdiction is transferred forthwith and the record of the proceeding shall be transmitted to the appropriate court. . . .

ately vests jurisdiction in the circuit court." *Vogel v. Grant*, 300 Md. 690, 696, 481 A.2d 186 (1984). Indeed, "it is the *demand* for a jury trial, in and of itself, which acts to divest the District Court of jurisdiction and simultaneously to confer jurisdiction upon the circuit court." (Emphasis in original) *Ruddy v. First National Bank*, 48 Md.App. 681, 684, 429 A.2d 550, *aff'd*, 291 Md. 275, 434 A.2d 581 (1981). *Vogel, supra.* Of some significance to the question of when a jury trial demand divests the District Court of jurisdiction are the procedural requirements, prescribed in the Maryland Rules of Procedure, for the election of a jury trial. As relates to this case, they can be found in Maryland Rule 3–325.

■ At all times relevant to this appeal, Maryland Rule 3–325,[5] pertaining to the election of a jury trial in actions filed in the District Court, provided, in pertinent part:

(a) *Demand—time for filing.—*

\* \* \* \* \* \*

(2) *By Defendant.*—A defendant ... may elect a trial by jury in any action triable of right by a jury by filing a separate written demand therefor within ten days after the time for filing a notice of intention to defend.

(b) *Waiver.*—The failure of a party to file the demand as provided in section (a) of this Rule constitutes a waiver of trial by jury of the action for all purposes, including trial on appeal.

\* \* \* \* \* \*

(c) *Transmittal of Record to Circuit Court.*—When a timely demand for jury trial is filed, the clerk shall transmit the record to the circuit court. At any time

---

**5.** As a result of an amendment on June 3, 1988, effective July 1, 1988, subsection (c) now provides:

(c) *Transmittal of Record to Circuit Court.*—When a timely demand for jury trial is filed, *the clerk shall transmit the record to the circuit court within 15 days.* At any time before the record is transmitted pursuant to this section, the District Court may determine, on its own initiative, or on motion of a party, that the demand for jury trial is not timely filed. (emphasis added)

before the record is transmitted pursuant to this section, the District Court may determine, on its own initiative, or on motion of a party, that the demand for jury trial is not timely filed.

It is apparent that subsection (a)(2) sets out the two components of a valid election of jury trial: (1) a separate written demand and (2) a timely demand. A failure to comply with either prong may result in a waiver of the jury trial. *See* Rule 3–325(b). Ordinarily, however, it is the circuit court, and not the District Court, that makes that determination. *See Vogel v. Grant,* 300 Md. 690, 697–98, 481 A.2d 186 (1984). Subsection (c) provides an exception, *i.e.,* in the circumstance where the claimed procedural defect in the jury trial demand is the untimeliness of the demand. By its express terms, if a jury trial demand is timely, the clerk of the District Court shall transmit the record to the circuit court. Only if that court determines, prior to the transmittal of the record, that the demand is not timely may it strike the demand; the District Court does not have the authority to strike a demand for jury trial on any other basis. *See Vogel,* 300 Md. at 699 n. 8, 481 A.2d 186, in which the Court, commenting on former Maryland District Rule 343e, which contains language virtually identical to the second sentence of Rule 3–325(c), stated: "The language of subsection e was apparently intended to vest authority in the District Court, after a jury trial demand but prior to the physical transmission of the record, to entertain an objection to the jury trial demand on timeliness grounds."

 In the instant case, we think it clear that the District Court appropriately forwarded the case to the circuit court upon appellants' timely jury trial demand. As we have seen, the only basis upon which the court could have stricken the jury trial demand was its untimeliness. Appellee's motion did not challenge the timeliness of the demand; rather, it challenged only the ability of a defendant to demand a jury trial conditionally or alternatively to other forms of relief, grounds not cognizable by the District Court. Thus, although there is no explicit ruling in the record denying appellee's motion, we think that such a

ruling is implicit in the court's transfer of the case pursuant to appellant's jury trial demand.[6]

Our conclusion that the case was properly transferred to the circuit court pursuant to appellant's timely jury trial demand does not end our inquiry. The next question that is presented is whether appellee's belief that the jury trial demand was so procedurally defective as to result in appellants' waiver of a jury trial was properly and timely brought to the attention of the circuit court. This is ordinarily accomplished by filing, in the circuit court, a motion detailing the defect. *See Vogel*, 300 Md. at 698, 481 A.2d 186; *Fallon v. Agency Rent-A-Car*, 268 Md. 585, 588, 303 A.2d 387 (1973). Only if such a motion has been properly and timely filed in the circuit court do we reach the question of the correctness of the circuit court's ruling remanding the case. We seek the answer to this question in Maryland Rule 2–326, which, during the relevant time period,[7] provided, in pertinent part:

(a) *Notice.*—Upon entry on the docket of an action transferred from the District Court pursuant to a demand for jury trial, the clerk shall send to the parties notice of the date of entry and the assigned docket reference.

＊ ＊ ＊ ＊ ＊ ＊

---

**6.** Appellee demanded a hearing on its motion to strike the jury trial demand; however, no hearing was held by the District Court. This fact does not affect the validity of the District Court's actions. First, as already indicated, the basis for the motion was a ground as to which the District Court had no authority to act and, secondly, once the court determined that the demand was timely filed, it was without jurisdiction to hold the hearing.

**7.** Subsection (c), as a result of its amendment on June 3, 1988, effective July 1, 1988, now provides:

When the action transferred is one over which the District Court does not have exclusive original jurisdiction, a complaint complying with Rules 2–203 through 2–305 shall be filed *within 30 days after the date the clerk sends the notice required by section (a) of this Rule.* The complaint shall be served pursuant to Rule 1–321. The defendant shall file an answer or other response within 30 days after service of the complaint. The action shall thereafter proceed as if originally filed in the circuit court. (Emphasis added)

(c) *Action Not Within Exclusive Original Jurisdiction of the District Court.*—When the action transferred is one over which the District Court does not have exclusive original jurisdiction, a complaint complying with Rules 2–303 through 2–305 shall be filed within 30 days after service of the demand for jury trial filed by the defendant. The complaint shall be served pursuant to Rule 1–321. The defendant shall file an answer or other response within 30 days after service of the complaint. The action shall thereafter proceed as if originally filed in the circuit court.

Perusal of the pertinent sections of the Rule suggests two distinct and separate reference points by which the timeliness of a challenge to a District Court jury trial demand is to be determined. Subsection (a)'s requirement that the clerk of the circuit court notify the parties of the date the transfer was noted on the circuit court's docket and of the assigned docket reference strongly suggests that it is the date of the docketing by which the timeliness of the challenge is to be judged. On the other hand, subsection (c) suggests that it is the date of service of the demand for jury trial upon the opposing party that governs. If subsection (c) is read in isolation, one would be led to the conclusion that the party seeking a jury trial would have to file a second jury trial demand after the case has been docketed in the circuit court. Rule 2–325(c),[8] however, specifically and completely negates such a construction. Since a second demand is not required, presumably the date the District Court jury trial demand was served on the opposing party is the applicable date. This date is particularly inappropriate for several reasons:[9] First, it arguably conflicts with sub-

---

**8.** Rule 2–325(c) provides:

(c) *Actions from District Court.*—When an action is transferred from the District Court by reason of a demand for jury trial, a new demand is not required.

**9.** Although redundant, requiring a second demand in the circuit court has the virtue of providing a definitive date against which to measure the timeliness of the opposing party's response.

section (a); second, counting from that date provides precious little certainty in the determination of the timeliness of a challenge, filed in the circuit court, to a jury trial demand made in the district court; and third, it presents the possibility of the anomalous situation wherein the delay between the date of the demand and the date the case is actually transferred to the circuit court may be sufficiently lengthy as to render virtually useless the right given the opposing party to challenge the jury trial demand. In other words, when the delay between the date that the demand is served upon the opposing party and the date the case is actually transferred to the circuit court is close to, or more than thirty days, then, by virtue of the rule itself, the opposing party may be without recourse insofar as filing a challenge to the jury trial demand is concerned. Therefore, it is obvious that there is an ambiguity in the rule, requiring us to seek the intention of the Court of Appeals in promulgating it. *See Kaczorowski v. City of Baltimore*, 309 Md. 505, 513, 525 A.2d 628 (1987). *Johnson v. State*, 274 Md. 29, 41, 333 A.2d 37 (1975).

In promulgating Rule 2–326, it is obvious that the Court of Appeals sought to provide a procedural framework in which cases transferred from the District Court would be governed. As is true with all rules, the Court undoubtedly intended the rule to be so definite and clear as to be a road map for the average traveler, rather than a roadblock for even the most careful traveler. And the policy decision, implicit in subsection (c), that certain cases transferred from the District Court would proceed in the circuit court as if originally filed there suggests that the triggering event for actions required to be taken in the circuit court would itself be an action that occurred there. As we have seen, tying the timeliness of a challenge to a jury trial demand to an action taken by the defendant in the District Court is unworkable because that action merely triggers the need for a subordinate court to act. As the Rule existed when this case was decided, that court's actions were not required to be taken within any determinable time frame as is now

the case. *See* Maryland Rule 3–325(c). Moreover, as we have also seen, any delay on the part of the subordinate court to act in a timely fashion could affect substantially the ability of the opposing party to contest timely a procedurally defective jury trial demand.

■ Consistent with the intent of the Rule and the policy decision implicit in Rule 2–326(c), in those cases required to proceed as if filed in the circuit court, the only triggering act that avoids the problems we have identified appears to be that of the circuit court in notifying the parties that the case has been docketed in that court. Thus, the timeliness of the challenge to a District Court jury trial demand would be determined by reference to the date of the notice that the transfer was docketed in the circuit court, with the result that the opposing party is assured of a reasonable opportunity to file his challenge in the circuit court, without prejudicing the demanding party.[10]

■ Turning to the case *sub judice* and applying subsection (c), as we have construed it, to the facts before us, we hold appellee's challenge to appellants' jury trial demand came too late. Since the notice of the docketing of the transfer from the District Court was dated December 1, 1987, appellee had until December 31, 1987 in which to file a motion challenging appellants' jury trial demand. *See* Maryland Rule 2–322(a)[11]. Appellee's motion[12] was not filed

---

10. The amendment to Rules 2–326(c) and 2–325(c), *see* notes 7 and 8, together accomplish this result plus the additional one of setting a time in which the District Court must transfer a case pursuant to a jury trial demand. Thus the Rules, in their present form, support the construction which we have adopted.

11. Rule 2–322(a) provides:
 (a) *Mandatory.*—The following defenses shall be made by motion to dismiss filed before the answer, if an answer is required: (1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, and (4) insufficiency of service of process. If not so made and the answer if filed, these defenses are waived.
 The effect of the granting of the motion to strike is to render the circuit court without jurisdiction of the person of the party challenging the jury trial demand.

12. The motion filed by appellee was the motion it had previously filed in the District Court. The motion technically was addressed to the

until January 5, 1988. Consequently, what the Court of Appeals said in *Vogel* is apposite to the situation *sub judice:*

> We shall assume, for purposes of argument, that the jury trial demand did not comply with the rules and the noncompliance was of such a nature that, upon a properly filed objection, the request for a jury trial should have been refused. Nonetheless, the asserted defects in form did not prejudice the plaintiff Grant. He was actually served with the document and recognized that it was demand for a jury trial. Grant did not thereupon file anything in the Circuit Court for Montgomery County, which was the only court having jurisdiction over the case at the time. Instead, Grant's attorney erroneously insisted at the May 13, 1981, hearing, that the District Court had jurisdiction over the matter. Under the circumstances, Grant's failure to properly file an objection to the jury trial demand constituted a waiver of his objection. (citations omitted)

300 Md. at 702–03, 481 A.2d 186. In the instant case, there is no question but that appellee was served with appellants' demand for jury trial and recognized it as such as demonstrated by its filing, in the District Court, a motion to strike it. Thus, appellee was not prejudiced by the defects in the demand. And while appellee filed a motion in district court, thereby indicating its intention to seek the striking of the demand, and it also filed the same motion in the circuit court, it did not do so in a timely fashion. Therefore, just as surely as the plaintiff in *Vogel* waived his right by failing to file *any* pleadings in circuit court, so too appellee waived its right to challenge the jury trial demand by failing to file a timely challenge.

---

District Court inasmuch as appellee did not caption the motion in the circuit court. We do not, however, have to decide whether filing a motion previously filed in District Court and retaining the district court caption, was sufficient compliance with requirement that a challenge to a jury trial demand be made in the circuit court because whether it technically complied or not, it was filed too late.

In view of our conclusion that the challenge to the jury trial demand came too late, it follows that the trial court erred in remanding the case to the District Court for trial.

JUDGMENT REVERSED; CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE COUNTY FOR TRIAL BEFORE A JURY PURSUANT TO APPELLANTS' DEMAND.

COSTS TO BE PAID BY APPELLEE.